### JACKSON, ex dem. ROWLEY AND SMITH, against KINNEY.

In general, a
new trial will
not be granted
on the ground of
newly-discover-
ed     evidence,
when  it  goes
merely to  im-
peach the testi-
mony of a wit-
ness at the for-
mer trial  But
in causes con-
cerning the 'itle
to   military
lands,    where
the identity of
the original pa-
tentee  is   in
question, a new
trial   may   be
granted, to give
the    defendant
an  opportunity
of  impeaching
the character of
the   principal
witness for the
plaintiff, espe-
cially  when the
defendant   has
been a long time
in possession.

THIS was an action of ejectment, brought to recover lot No.
63, in the town of *Homer*, in the county of *Courtlandt*, and was
tried before his honour the Chief Justice, at the *Courtlandt*
circuit, in 1816.

   The plaintiff's lessors claimed under a patent granted in 1791,
to one *William Rullins*, and produced two witnesses, *Swartwout*
and *Sherwood*, to show that *William Rullins*, and *William Row-
ley*, of whom one of the lessors of the plaintiff was the son and
heir, were the same person, and that he had served as a private
during the revolutionary war.   At the trial, a verdict was found
for the plaintiff, which the defendant now moved to set aside,
on the ground of newly-discovered evidence, and of surprise at
the trial.   The affidavits which were read on the part of the
defendant, were calculated to impeach the testimony of *Sher-
wood*, the principal witness for the plaintiff, by showing that he
had made various declarations inconsistent with what he swore
to at the trial; that he was an habitual drunkard, and a person

unworthy of credit. Affidavits were read on the part of the plaintiff to support the character of *Sherwood*; and, to repel the allegation of surprise, the affidavit of one *Smith* was read, which stated that the defendant and *Sherwood* did not reside more than six miles from one another; that the defendant attended the court at which the cause was tried, and the deponent verily believed, well understood that the testimony of *Sherwood* was relied upon by the plaintiff. It appeared that the defendant had been in possession of the lot in question about nineteen or twenty years, and had made considerable improvements.

NEW-YORK,
May, 1817.

JACKSON
v
KINNEY.

*Richardson*, for the defendant.

*T. Sedgwick*, contra.

*Per Curiam.* This is an application for a new trial, on the ground of surprise and newly-discovered evidence. The newly-discovered evidence is for the purpose of impeaching the character of one of the witnesses examined on the part of the plaintiff. As a general rule, we have refused granting new trials on this ground. We have, however, repeatedly, in trials concerning the military lots, been more liberal in granting new trials, owing to the obscurity and multifarious frauds attendant upon those titles; and especially, when the question turns upon the identity of the soldier from whom the title is claimed to be derived. Although the character of *Sherwood*, the witness, seems to be rendered infamous, in the extreme, by the affidavits furnished on the part of the defendant, yet, it is supported very much by affidavits on the other side. This is a question, however, that can be much more satisfactorily decided in open court, when the witnesses can be seen by the jury, and their intelligence and respectability judged of; and, besides, it is a question which properly belongs to the jury. The ground of surprise is removed by the affidavit of *Smith*. Upon the whole, considering the length of the defendant's possession, upwards of nineteen years, and that the soldier is represented as having two names, and as considerable doubt rests upon the plaintiff's claim, we are inclined to think the ends of justice will be best

**NEW YORK,** answered by sending the cause back to a new trial, on payment
May, 1817.     of costs.

(a) Vide *Jackson, ex. dem. Wolcott and others,* v. *Crosby,* 12 *Johns. Rep.* 354.