In the trial of this action, the plaintiffs offered the deposition of one B. Niles, on which the magistrate had certified that notice had been given to the attorney of' record of the defendants, to attend the taking thereof. The defendants denied the fact of notice, and produced the original notification of the magistrate to the said attorney ; by * which he was notified to attend the taking of divers depositions, at the time and place when and where it appeared that Niles’s deposition was taken, the names of several witnesses being inserted, but that of. Niles was not mentioned therein. The defendants objected to the admission of the deposition ; but the judge overruled the objection ; and a verdict being returned for the plaintiffs, a new trial was granted; the Court being of opinion that the notice required by statute was not suffi *439 cient, unless it contained the name of the person whose deposition was to be taken. It was good as to those named, but not as to any that were omitted; for it might be that the party to be affected, from his knowledge of his case, would not think it necessary to cross-examine the witnesses named in the notification; but it might be otherwise as to a witness not named, and that he would have thought it necessary to have attended the examination, had he been named. The certificate of the justice is not conclusive as to the notice, (a)
Fessenden for the plaintiff.
Greenleaf for the defendants.

 Vide Bryant & Al. vs. The Commonwealth Ins. Company, 9 Pick. 485.