The opinion of the Court was delivered by
Nott, J.
It is very unusual, in cases of this sort, to grant a new trial on the ground that the damages are too high.[1] They furnish no certain rule by which the damages can be estimated. The amount, therefore, must always be a matter for the sound discretion of the jury, and must be regulated by the evidence of the case, and the circumstances of the parties. The verdict does not appear so unreasonable as to authorize interposition of this Court. The defendant rushed violently -I into the house of the plaintiff, an unprotected widow, beat her servant most outrageously, in the presence of her family, when they were quietly at their dinner, and spread terror and consternation through the whole house, by his rude and riotous conduct. The disturbance of the peace of the family, and the indignity offered to their feelings, were sufficient considerations for the verdict. But besides, slaves have no personal rights in this country. It is only through the medium of their owners that they can receive that security and protection for their persons, which it would be a reproach to the character of the State to withhold from them. In any point of view, therefore, I think the verdict may very well be supported.
The second is a mere technical objection, which is not to be encouraged. The evidence was sufficient to go to the jury, and sufficient to sustain the action.
Third. The evidence ofcharacter was first introduced by the defendant’s counsel, and as far as the examination was carried, it passed without objection, and was not ruled by the Court; it therefore furnishes no ground for a new trial.[2]
The fourth ground is not supported. Evidence was not admitted of damages which arose after the commencement of the action. It was only evidence of a subsequent fact, which went to show the extent of the injury, which had been previously committed.
The fifth ground appears to be founded on a supposition that the evidence of miscarriage was given for the purpose of enabling the plaintiff to recover the value of the child lost; but I apprehend that the object of that testimony was merely to show the violence of the beating, and for that purpose it was properly admitted.
But the most substantial ground, and indeed the only one on which the Court has had any difficulty, is the sixth; the facts stated in that ground, are'attempted to be supported by the affidavit of the witness herself, that *she had been bribed, and had -sworn falsely on the trial. It -* would be a sufficient objection to the admission of this affidavit, that a copy of it has not been given to the person accused of the subornation of perjury, that the charge might be rebutted. But even waiving that objection, I do not think it ought to be received.[3] The discovery *645 of parol evidence, after a trial, has never been admitted in this State, as a good ground for a new trial. The tampering with witnesses, to which it would lead ; the frauds- and perjuries which it would introduce, and the endless litigation which would ensue, admonish us to be careful-how we depart from that long settled, and, I think, safe and necessary rule.
It-is contended, however, that this case forms an exception to that rule, inasmuch as the subsequent testimony comes from the witness herself, who cannot be mistaken. But if she cannot be mistaken, she may be perjured. And there is as much reason to believe that the last oath is false, as to doubt whether the first was true. It is nothing more or less, then, than allowing the witness to impeach her own testimony. And would not the case be equally strong, if the fact to which she swore on the trial had been contradicted by any other credible witnesses. Would it not indeed be stronger; for she proclaims her own infamy by the very testimony which she herself produces. It is admitted that the affidavits of other persons to the same fact, ought not to be admitted. And would it not be a strange inconsistency to admit the deposition of a witness, in which we can have no faith, to impeach her own testimony, when we would not admit the depositions of others to the same point, of the truth of which we had no doubt ? That verdicts are gained or lost, and that damages are increased or diminished by perjury, daily experience teaches us is no unusual occurrence. But it seems to be an evil resulting from the imperfection of human nature, to which it is better to submit, than to introduce *a practice calculated to extend the mischief which we would endeavor to prevent. L
The granting of new trials depends much upon the discretion of the Court, and I can conceive a case so peculiarly circumstanced, as to authorize a departure from the general rule, by which we have heretofore been governed. But this does not appear to me to be a case of that description. The only material fact proved by this witness, which was not proved by any other, if, indeed, it was material, of which I have great doubt, was the miscarriage. Now the existence of that fact was distinctly submitted to the jury on the trial below; and from the general character of the witness, it is not unreasonable to suppose, that the jury entirely disregarded her testimony. But suppose they gave full credit to it, I cannot perceive that it must necessarily have enhanced the damages. The nature and extent of the injury were sufficiently shown by the other witnesses, and their testimony, without the evidence of this woman, might very well authorize the damages that were given. That such a beating might cause a miscarriage, no one, perhaps, can doubt, and whether it did produce that effect or not, to my view, was not vastly material in this case.[1]
The admission of illegal evidence may be a good ground for a new trial, however immaterial it may appear to this Court, because it cannot be seen what importance the jury attached to it.[2] But the evidence in this case was not illegal, nor do we know that it was untrue. We have no reason, therefore, to believe, that even if a different verdict should be given on another trial, greater justice would be done. If no illegal evidence has been admitted, if the verdict is consistent with the evidence *646 which has been given, if we do not see that injustice has been done, nor a probability that greater justice will be done, there can be no ground for a- new trial.
Gantt, for the motion. Hunt, contra.-
The last ground in this case is a mere matter of form, and furnishes nothing for the consideration of the Court, which has not been already noticed.
*454] *The motion is, therefore, refused.
Bay, Colcock, and Richardson, JJ., concurred.
Johnson and Huger, JJ., dissented on the sixth ground.
Cited 11 Rict. 596.

 Ante, 416.

 1 N. & McC. 287, 549.

 N. & McC, 154; 1 Bay, 492; Harp 267; 2 Rich. 194; Rich, 280.

 2 MoC. 160.

 2 MoO. 160.