*The inhabitants of* WARREN, *petitioners for review, vs. The inhabitants of* HOPE.

At the hearing of a petition for review, the petitioner will be confined to the facts and witnesses named in the petition.

No new trial or review will be granted on account of newly discovered evidence, if such evidence is merely cumulative.

Reviews and new trials will be granted, where a material witness, whose testimony at the trial was against the interest of the petitioner, has since discovered that he testified incorrectly, by mistake :—

Or, where the newly discovered evidence relates to confessions or declarations of the other party respecting a material fact, and inconsistent with the evidence adduced by such party at the trial :—

Or, where such newly discovered evidence was placed beyond the knowledge or control of the petitioner, by means of the other party, and with a view to prejudice the petitioner's cause.

AT the hearing of this case, *Allen,* for the petitioners, offered as witnesses several persons whose names, and the testimony expected from them, were not mentioned in the petition.

*Greenleaf* and *Ruggles,* on the other side, objected that the respondents had come prepared to meet only the facts and witnesses stated in the petition ; and that to admit new matter, or to call other persons to testify, would render the notice given to the respondents altogether illusive. The petitioners had alleged that they had " other witnesses" to the same facts. But THE COURT held them to the witnesses, as well as to the facts, named in the petition ; and afterwards delivered their opinion to the following effect.

CURIA. We must deny a review in this case. The petition does not disclose any ground for granting one. The new evidence therein referred to is all merely cumulative, and designed to strengthen the evidence given on the former trial. Proof of this kind may frequently be procured on both sides ; but to grant reviews or new trials, in such cases, would lead to unreasonable delay, and be a plain disregard of the maxim, *interest reipublicæ ut sit finis litium.* In

governing ourselves by the application of the above stated principle, we are acting in concert with the courts in New York and Massachusetts. As applications for new trials and reviews, on account of newly discovered evidence, are every year becoming more frequent, we have thought proper to avail ourselves of this opportunity to state, for the information and government of all concerned, the principles by which the court are regulated in cases of this kind.

On hearing upon a petition for review, the petitioner will not be permitted to offer testimony as to any newly discovered evidence, except that which may be stated in the petition.

No new trial or review will be granted on account of newly discovered evidence which is merely of a cumulative nature. But the following kinds of proof may be considered as exceptions to the general rule ; and furnish ground for a new trial or review, viz :—

1. That a witness, whose testimony on the trial was in its tendency against the interest of the petitioner, has ascertained that he testified under a mistake, and that the facts do not exist as he testified that they did.

2. When the newly discovered evidence relates to confessions or declarations of the other party, as to some influential fact, unknown to the petitioner at the time of trial, and inconsistent with the proofs adduced and urged by such party.

3. Where such newly discovered evidence was directly or indirectly placed beyond the knowledge or control of the petitioner, by means of the other party, and with a view to prejudice the petitioner's cause.

At present we do not admit any other exceptions to the principle before stated.