## THE GREAT FALLS MANUFACTURING COMPANY *versus* JOHN MATHES.

A notice given to an adverse party, of the time and place of taking depositions, need not state the time when the court, where the action is pending, is to be holden.

When the adverse party is a corporation, the notice in such a case must be served upon some proper officer of the corporation.

It is a good cause for granting a new trial, that one of the witnesses of the party in whose favor the verdict is, has been convicted of perjury in the cause.

THIS action was tried here at August term, 1830 ; and the jury having returned a verdict in favor of the defendant, the plaintiffs moved the court to grant a new trial.

The first ground on which the plaintiffs rested their motion, was, that certain depositions were read to the jury, which ought not to have been admitted, and to the reading of which, the plaintiffs objected.

One exception taken to these depositions was, that in the notice of taking them, it was stated, that they were to be taken to be used in this court, on the 9th August, 1830, when, in fact, this court did not sit here until the 17th of the same August.

Another exception was, that the notice was served on Isaac L. Folsom, who was not a proper officer of the company, to receive a notice, he being, at the time only

an accountant, having the charge of the company's ac-
count books, and in no way concerned in the conducting
or managing of this suit. He was, however, a member
of the corporation, but the clerk of the corporation re-
sided in this state.

G. F. M. C.<br>v.<br>Mathes.

It also appeared, in this cause, that one James Moul-
ton, who testified for the defendant, upon the trial, had
since been indicted for perjury in his testimony, had
pleaded guilty to the charge, and had been sentenced to
four years' confinement in the state's prison. The plain-
tiffs relied upon this as a ground for a new trial, and
cited 1 B. & P. 428, *Lister* v. *Mundell*; 4 Binn. 481, *Pe-
terson* v. *Barry*; 3 Burr. 1771, *Fabrilius* v. *Cocke*.

*Mason* and *Hobbs*, for the plaintiffs.

*Christie* and *Bartlett*, for the defendant.

*By the court.* It is contended on behalf of the plaintiffs,
that they are entitled to a new trial, because certain de-
positions were improperly given in evidence to the jury.
The first exception to the depositions is, that the notice
of taking them, given to the plaintiffs, did not state truly
the time when the court, where the cause was pending,
was to be holden. It is a decisive answer to this objec-
tion, that the statute does not require the time, when
the court is to be holden, to be stated in the notice. All
which the statute requires, is, that the name of the jus-
tice of the peace before whom the deposition is to be
taken, and the day, hour, and place of taking the same,
be inserted in the notice. The statute must be strictly
followed. 1 Peters S. C. R. 356; 15 Mass. Rep. 492;
and in this instance, all which the statute requires has
been done.

It is further objected to the depositions, that the no-
tice was not served upon a proper person.

We have no statute which designates the person, to
whom the notice of taking depositions shall be deliver-
ed, when the notice is to be given to a corporation. We
must, therefore, in order to determine whether the no-

G. F. M. C.
v.
Mathes.

tice, in this case, was delivered to a proper person, re-sort to the provisions of our statutes in analogous cases. The statute of June 26, 1827, entitled " an act directing the mode in which process shall be served upon towns, and certain other corporations," &c. section 3, 1 Laws, 108, provides, that when any town, &c. are sued, an attested copy of the writ shall be delivered to *the clerk* of such town, body corporate, &c. or to one of the principal inhabitants or members.

The statute of July 2, 1825, entitled " an act regulating the service of mesne process on corporations, in certain cases," 1 Laws, 87, enacts, that when any body politic or corporate are sued, who have no *clerk*, or member residing in this state, on whom service can be made, a copy of the writ shall be delivered to the agent, overseer, &c. The statute of December 11, 1812, entitled " an act prescribing the mode of attaching on mesne process, or selling on execution, shares in incorporated companies," &c. 1 Laws, 84, provides, that when an attachment is made of any share or interest in a corporation, a copy of the writ shall be left with the clerk, treasurer, secretary, or cashier. The statute of June 27, 1816, entitled " an act to enforce the satisfaction and payment of executions against certain corporations," section 3, 1 Laws, 100, enacts that when the rights and privileges of certain corporations are attached, a copy of the process shall be left with the clerk, treasurer, or some one of the directors of the corporation. The statute which gives a remedy to a town for the support of a pauper belonging to another town, requires notice to be given to the selectmen or overseers of the poor of the town chargeable. 1 Laws, 305. When an application is made to the court of common pleas to lay out a highway, the statute requires notice to be given to the selectmen of the towns through which the highway is to be laid out. 1 Laws, 575.

When an indictment is found against a town, it is pro-

vided by statute, that a summons shall issue and be served by leaving a copy with the town clerk or selectmen, and if there be no town clerk or selectmen, with an inhabitant. 1 Laws, 109.

G. T. M. C.
*v.*
Mathes.

In all these cases the service is to be made upon some proper officer of the corporation, or at least upon a principal member, whenever that is practicable. In this case, the service of the notice should have been upon the clerk of the corporation, or some other officer, and the depositions were improperly admitted. This furnishes a sufficient reason why a new trial should be granted.

But independent of this ground for a new trial, we think that the conviction of one of the defendant's witnesses of perjury, in this cause, furnishes a good reason, why the verdict should not be permitted to stand. An indictment for perjury, found by the grand jury, is no ground for a new trial ; and perhaps a conviction is not, if founded upon the testimony of those who are interested in the cause. 1 Bing. 339, *Thurtell* v. *Beaumont* ; 4 East, 577 ; 4 M. & S. 140, *Warwick* v. *Bruce* ; 4 Bing. 561, *Saley* v. *Mahew* ; 9 J. B. Moore, 581, *Procter* v. *Simmons* ; 2 Chitty's Rep. 269. But in this case, the witness has been convicted on his own confession.

*A new trial granted.*