MARTHA PIERCE, *Adm'x, versus* DAVID PIERCE.

A deposition was taken by defendant, after the service but before the entry of the writ. The justice, in the caption, certified notice upon " G. B. M. the plaintiff's attorney." The only indorsement upon the writ was, " from G. B. M's office," in the handwriting of G. B. M., who afterward entered the action and appeared as the plaintiff's attorney in Court.

*Held*, the deposition was properly rejected.

WELLS J. — The deposition, which was rejected, was taken, after the service of the writ, and before the entry of the action in Court.

By the caption it appears " the adverse party was notified, according to law, by notice to George B. Moody as attorney of the adverse party, to attend the taking of said deposition, and was not present." The certificate of the justice is not conclusive as to the notice. *Minot* v. *Bridgewater*, 15 Mass. R. 492; *Homer & al.* v. *Brainerd*, 15 Maine R. 54.

By c. 133, § 6, Rev. St., notification to the adverse party, to attend the taking of a deposition, " shall be served on him or his attorney, &c." Sect. 7 provides, that " no person shall for the purposes of this chapter, be considered the attorney of another, unless he has indorsed the writ," &c.

There were written on the writ in Mr. Moody's handwriting, the words " from George B. Moody's office." Mr. Moody subsequently caused the action to be entered in Court, and appeared as the plaintiff's attorney.

But we are to look at the evidence, as existing when the notice was served. The manner, in which he could then be regarded as the attorney of the plaintiff, was by having indorsed the writ. The indorsement, required by the statute, must indicate the purpose, for which it is made. It must be the putting of one's name on the writ, so as to manifest, that he is the attorney of the plaintiff. His name alone might be sufficient. *McGee* v. *Barber*, 14 Pick. 212. This indorsement does not declare, that Mr. Moody is the attorney of the plaintiff, but that the writ came from his office. It might have been made by the plaintiff himself. The object of the in-

dorsement was probably to inform the officer, who might serve the writ, of the place to which it could be returned.

We do not think it was such an indorsement of the writ, as the statute requires, to authorize the service of the notification upon Mr. Moody, as the attorney of the plaintiff.

*Exceptions overruled.*

*Kent & Cutting,* for the defendant.

*Moody,* for the plaintiff.