## The State *v.* Carr.

In order to obtain a new trial on account of newly-discovered evidence, it must be made to appear: 1st. That the evidence is *new*, such as was not used on the former trial; such as either had no existence at the former trial, or the party did not at the time of the trial know was in existence. 2d. It must be material to the issue joined; material to the point to be decided by the verdict, and not collateral. It must go to the merits of the case, and not to discredit or impeach a former witness. 3d. It must appear that the party has used all reasonable diligence; that he has been vigilant in seeking both to discover and to procure the evidence. 4th. It must not be cumulative.

After a verdict of guilty, upon an indictment for *perjury*, the prisoner applied for a new trial on account of newly-discovered evidence, and furnished proof that a material witness for the prosecution had, subsequently to his examination upon the stand, expressed strong feelings of hostility towards the prisoner: *Held*, that the new evidence, going only to discredit a former witness, was not that kind of material evidence upon the discovery of which a new trial can be granted.

Indictment for perjury. At the trial in the court below a number of witnesses were introduced on the part of the government, and also on behalf of the respondent. Among those introduced for the prosecution, was one William Wallace Barden, whose testimony was material to the issue. After a verdict in favor of the government the respondent moved in arrest of judgment and for a new trial, on account of newly-discovered evidence ; and in support of the motion furnished the following affidavit, duly signed and sworn to.

" I, David Webster, of Manchester, depose and say, that, on Saturday morning last, during the trial of Nathan Carr, I was in the Town-Hall, where the court was being held. I was sitting near one of the witnesses, W. Wallace Barden, and remarked to him that I would not be in the situation in which his brothers, John and Benjamin Tuttle, Jr., had placed themselves, for all the property in the State of New Hampshire. He said, Damn him, I would ; if there is any thing I can do to get him into State's prison, I shall do it; and my testimony sustained my brother. He said, I own a farm in Hillsborough, and if we cannot get the damned curse into State's prison, and he goes back there, I will sell my farm if I cannot get half it is worth. I communicated

this fact to General Pierce for the first time this morning, after the jury returned their verdict."

The evidence given upon the trial was reported at length to this Court, but a decision of the question raised by the motion does not require that it be fully set forth here.

The motion for a new trial was transferred to this Court for determination.

*Ayer*, County Solicitor, for the State.

The newly-discovered evidence, to furnish ground for a new trial, must be set forth fully; so that the Court may judge " whether it is of such a character that it would alter the result." *Finly* v. *Evans*, 3 Humph. Rep. 222 ; 5 Halst. (N. J.) Rep. 250 ; *Halsey* v. *Watson*, 1 Caines, 24 ; 4 Hammond, (Ohio) Rep. 5 ; *Kendrick* v. *Delafield*, 2 Caines, 67. It must be material, of a decisive character, and such as to show that injustice has been done. *Mechanics Fire Ins. Co.* v. *Nichols*, 1 Harr. (N. J.) Rep. 410 ; *Halsey* v. *Watson*, 1 Caines, 24 ; 2 Caines, 67. In the last cited case the court say, " the court will decide upon the materiality of the evidence and grant the motion or not, accordingly." And it must, in the opinion of the Court, be such as to produce a different verdict. *Middleton* v. *Adams*, 13 Vermont Rep. 285 ; *Glover* v. *Woolsey*, Dudley's (Georgia) Rep. 85 ; *Smith* v. *Matthews*, 6 Miss. Rep. 600 ; *Robbins* v. *Feraler*, 2 Pike's (Ark.) Rep. 133 ; *Harrington* v. *Bigelow*, 2 Denio, 109 ; *Moore* v. *The Philadelphia Bank*, 5 Serg. & Rawle's Rep. 41 ; *The People* v. *The Sup. Court of New York*, 10 Wend. 293.

A new trial cannot be granted on the ground of newly-discovered evidence, which only goes to *impeach* or *contradict* a witness who was sworn on the trial. *Robbins* v. *Feraler*, (above cited) ; *Shammoney* v. *Fowler*, 4 Johns. 425 ; *The People* v. *The Sup. Court of New York*, (above cited) ; *Halsey* v. *Watson*, (above cited) ; *Durgee* v. *Dennison*, 5 Johns. 248 ; *Brown* v. *Hoyt*, 3 Johns. 355 ; *Rowley* v. *Kimrey*, 14 Johns. 186 ; *Porter* v. *Talcott*, 1 Cowen, 382 ; *Harrington* v. *Bigelow*, (above cited) ; Howe's Practice, 519. It is not sufficient, to contradict a wit-

ness sworn on the former trial. *Sprague* v. *Mitchell,* 2 Chitty, 271.

In the case above cited, (*Moore* v. *Philadelphia Bank,* 5 Serg. & Rawle, 41,) the court say : " It is incumbent on the party who applies for a new trial, on the ground of newly-discovered evidence, to satisfy the court, 1st, that the evidence has come to his knowledge since the trial ; 2d, that it was not owing to want of due diligence that it did not come sooner; and 3d, *that it would probably produce a different verdict if a new trial were granted.*"

In the case above cited from 10 Wend. 293, *The People* v. *The Sup. Court of New York,* the court say : " With respect to granting new trials on the ground of newly-discovered evidence, there are certain principles which must be considered settled. 1st. The testimony must have been discovered since the former trial. 2d. It must appear that the new testimony could not have been obtained, with reasonable diligence, on the former trial. 3d. *It must be material to the issue.* 4th. *It must go to the merits of the case, and not to impeach the character of a former witness.*"

In the case cited from Denio, the court say : " A new trial is never granted to let in evidence, although newly-discovered, to impeach the testimony of a witness, either by showing that his reputation for truth is bad, or that the evidence given by him was not true. Testimony of this description is not material, within the rule which governs in such cases ; it must relate to some *new fact* upon which evidence was not given at the former trial, and must be so important in its nature as to induce a belief, that, if proved to the satisfaction of a jury, it would *control their verdict.*

In the case above cited from 2 Pick. 133, it was held, that the evidence must be material, going to the merits, and not merely impeaching a witness sworn on the trial.

A declaration by a witness, made before trial in a capital case, that he " would hang the prisoner by his testimony if he could," of which declaration the prisoner and his counsel had no knowledge till after the trial, was held no ground for a new trial.

The prisoner was sentenced. *Commonwealth* v. *Drew*, 4 Mass. 391. The principle of this decision is sustained by the capital case of *Commonwealth* v. *Green*, 17 Mass. 515. The Attorney-General and Solicitor-General both cite this case. On page 538, the court, in delivering their opinion, say: " The trial cannot be impeached because a witness, against whom there was no legal objection at the time, is afterwards discovered to have been liable to an exception which, if known, would have excluded his testimony."

The confession of a witness in a criminal prosecution as to his incompetency, cannot be admitted to disqualify him. *Commonwealth* v. *Waite*, 5 Mass. 261. *Parsons*, J., in delivering the opinion of the court, says: " The confession of a witness as to his incompetency cannot be admitted to disqualify him. If the law were not so, an unwilling witness for the Commonwealth might deprive the Commonwealth of his testimony by declarations of his interest, in the presence of the friends of the defendant, who, by testifying to those declarations, might always prevent his being sworn." " The objection founded on a subsequent discovery of the incompetency is, therefore, not supported." " In the trial of offences, but a small part of the trial is intrusted to the judges. The offender's peers are to pass on him ; and to set aside a verdict merely at our discretion, and not on grounds which the law considers as sufficient, would be an arbitrary interference in judicial proceedings, and a violation of the important rights of jurors."

*D. Clarke* and *Pierce*, for the respondent.

EASTMAN, J. It is not often that a question of the kind, raised by the case before us, arises in the practice of the courts of this State. The right of *review*, by which the lasing party, on issue joined in a civil suit, may, on certain conditions, again try his case after being once defeated, being given by the statutes of this State, the many questions, which have arisen in other jurisdictions where this right does not exist, have not been considered here. Parties who are defeated on the facts, generally resort

14 *

to their statutory rights for a rehearing, and seldom apply to the court for relief under such circumstances. But, in criminal cases no such right exists ; and consequently whenever a case occurs where evidence is discovered after the trial, which the prisoner may deem important to his defence, it becomes the duty of the court to entertain a motion for a new trial, based upon affidavits of the existence of such evidence. Yet the vigilance of friends and counsel, and the aid given by the State in capital cases, in procuring all evidence that is supposed to exist, and the disposition of the court to afford all proper lenity, by deferring and continuing the trial of criminal cases, for the procurement of evidence, whenever they are satisfied that any exists, makes it seldom necessary for motions like the present to be made.

In many jurisdictions the subject has been repeatedly and fully considered ; and among them there appears to be very little, if any, diversity of opinion in regard to it. The doctrine of the courts of England, and of this country generally, is substantially the same. A few exceptions only, and those arising out of the peculiar circumstances of each case, are to be found. The following general principles are clearly deducible from the authorities, and may be laid down as well-established law. First: The evidence must be *new ;* such as was not used on the former trial ; such as either had no existence at the former trial, or the party did not at the time of the trial *know* was in existence. And this point, the ignorance of the party as to the existence of the evidence, as it lies at the foundation of the application, must be made clearly to appear. Second : It must be material to the issue joined ; material to the point to be decided by the verdict, and not collateral. It must go to the merits of the case, and not to discredit or impeach a former witness. Third : It must appear that the party has used all reasonable diligence ; that he has been vigilant in seeking both to discover and to procure the evidence. Fourth : It must not be cumulative. In most of the decisions upon motions of this kind, these general positions are discussed and decided, although the precise point raised in each case may not require a decision of the whole. Among the numerous cases to be found upon the subject we cite the follow-

ing : 6 Mod. Rep. 222 ; 12 Ib. 584 ; *King* v. *Teal & als.*
11 East, 311 ; *Halsey* v. *Watson,* 1 Caines, 24 ; *Vandervoort
& al.* v. *Columbian Ins. Co.,* 2 Caines, 155 ; *Smith* v. *Brush,*
8 Johns. 84 ; *Pike* v. *Evans,* 15 Johns. 210 ; *Porter* v. *Talcott,*
1 Cowen, 359 ; *The People* v. *The Superior Court of New
York,* 10 Wend. 285 ; *Harrington* v. *Bigelow,* 2 Denio, 109 ;
*Brisbane* v. *Adams,* 1 Sandford's (1848, N. Y.) Rep. 195 ;
*Commonwealth* v. *Murray,* 2 Ashm. (Penn.) Rep. 41 ; *Com-
monwealth* v. *Williams,* 2 Ashm. 69 ; *Moore* v. *The Philadel-
phia Bank,* 5 Serg. & Rawle, 41 ; *Warren* v. *Hope,* 6 Maine
Rep. 479 ; *Daniel* v. *Daniel,* 2 J. J. Marsh. (Ken.) Rep. 52 ;
*Ewing* v. *Price,* 3 Ib. 520 ; *Roberts* v. *The State of Georgia,*
3 Kelly's Rep. 310 ; *Irwin* v. *Jordan,* 7 Humph. 167 ; 5 Halst.
(N. J.) Rep. 250.

In New York, and perhaps elsewhere, a few cases may be
found which, at first, would seem not to come fully up to the
positions above laid down. But an examination of them, as
reported at length, will show that they do not impair the general
doctrine. *Rowley* v. *Kinney,* 14 Johns. 186, and *Jackson* v.
*Hooker,* 5 Cowen, 207, are among them. This class of cases
relates to "military lots." In the first case, the court say :
"As a general rule, we should refuse granting new trials on the
grounds furnished. We have, however, repeatedly, in trials
concerning military lots, been more liberal in granting new trials,
owing to the obscurity and multifarious frauds attending upon
those titles, and especially when the question turns upon the
identity of the soldier, from whom the title is claimed to be
derived." In the other case, the court remarks, "This class of
cases is considered peculiar, and as exempt from the ordinary
rules in relation to granting new trials."

Applying the general principles, above laid down, to the case
under consideration, we find that the facts set forth in the affi-
davit upon which the motion for a new trial is predicated, do not
come within any principle recognized as a sufficient cause for
setting aside a verdict. In the first place, it does not appear
that the evidence is new, or that Carr had not, at the time of the
trial, full knowledge of Barden's feelings towards him. Webster

swears that Barden communicated to him his hostility towards Carr during the trial, and that he made it known to Carr's counsel for the first time after the verdict was returned. But this falls far short of showing that Carr himself did not previously know it. For aught that appears he may have been well apprised of Barden's feelings before the trial took place; for, if we are to credit the statement of Webster, Barden did not attempt to make any secret of his feelings. The affidavit shows Barden's hostility, and that it was not communicated to Carr's counsel till after the trial. But it goes no farther. It negatives in no way Carr's knowledge. He may not have known it; but we cannot draw any inference from the affidavit that he did not. All doubt on this point should be excluded; for the very foundation of setting aside a verdict for newly-discovered evidence, rests upon the basis that the evidence is *new*, that it was not known to the party till after the trial.

According to some very respectable authorities, even if he did not know it, his ignorance of the fact manifested a want of diligence in ascertaining it, which a court would not overlook; it should have been ascertained when Barden was on the stand. In *Wright* v. *Alexander*, 2 Smedes & Marshall's (Miss.) Rep. 411, it was held not to be good ground for a new trial, that the defendant had discovered that he could have proved the payment of the note sued on, by a witness used on the trial; that, by due diligence, he could have obtained the knowledge before the trial; or, by proper interrogatories, have established the fact at the trial. And in *Fanning* v. *McCraney*, 1 Iowa Rep. 389, it is laid down as a general rule, that where newly-discovered evidence is expected to be proved by a witness who was called and examined, no new trial will be granted; as the extent of the witness's knowledge should be ascertained when on the stand. To these cases may be added, *Bell* v. *Thompson*, 2 Chitty's Rep. 194; *Vandervoort* v. *Columbian Insurance Co.* 2 Caines, 155; *Commonwealth* v. *Benesh*, Thacher's C. C. Rep. 84; *Bennett* v. *Commonwealth*, 8 Leigh's Rep. 745; *The People* v. *Vermilyea*, 7 Cowen, 369.

But it is not necessary to place our decision upon this ground;

The State *v.* Carr.

since we might, were this the only point in the case, continue the action, and permit the respondent to establish this fact in his favor, if he could. Assuming, therefore, that Barden entertained feelings of hostility towards Carr, and that Carr was not apprised of it till after the trial, is the character of this new evidence such as to warrant the setting aside of this verdict ? The *evidence* is this : one of the witnesses who testified against Carr, entertained at the time hostile feelings towards him, and that fact did not appear to the jury. The *issue* to be tried was, whether Carr had been guilty of perjury or not. Now, although it was competent for the prisoner to make it appear to the jury that Barden's feelings were hostile towards him, and thereby, perhaps, lessen the weight of his testimony with the jury, yet the hostility of Barden was not the issue to be tried. His feelings towards Carr were not the point to be settled. And the authorities are very decided, that such is not that kind of material evidence, upon the discovery of which a new trial can be granted ; that a new trial will not be granted on account of newly-discovered evidence to discredit or impeach a witness. Most of the authorities above cited apply directly to this point. A few others may be added. *Ford* v. *Tilly,* 2 Salk. Rep. 653 ; *George* v. *Pierce,* 6 Mod. 31 ; *Barttell* v. *Pickersgill,* 4 East, 577, note ; *Thurtell* v. *Beaumont,* 1 Bing. 339 ; *Durgee* v. *Dennison,* 5 Johns. 248 ; *Bunn* v. *Hoyt,* 3 Johns. 255 ; *Shumway* v. *Fowler,* 4 Johns. 425 ; *Commonwealth* v. *Drew,* 4 Mass. 399 ; *Commonwealth* v. *Waite,* 5 Mass. 261 ; *Hammond* v. *Wadhams,* 5 Mass. 353 ; *Lloyd* v. *Monpacy,* 2 Nott & McC. 446 ; *Robbins* v. *Feraler,* 2 Pike, 133 ; *Great Falls Manufacturing Co.* v. *Mathes,* 5 N. H. Rep. 574.

New trials will be granted for misconduct in the prevailing party ; for mistake or error in the admission or rejection of evidence ; for irregularity in the conduct of the jury ; for error in the instructions given by the court ; and for newly-discovered evidence, where a proper case is made out. But, in deciding motions for new trials on account of newly-discovered evidence, courts have found it necessary to apply somewhat stringent rules, to prevent the almost endless mischief which a different course

would produce. Careless preparation, tampering with witnesses, repeated and fruitless trials, and immense expense in litigation, would be a few of the many evils attendant upon a loose 'practice in this respect. In cases of magnitude and interest, many witnesses unconsciously contract more or less feeling. Others, from various causes, may entertain hostility from the beginning. This, a party may suspect; but, supposing that a cross-examination on the point would not aid him with the jury, he lets it pass. If he loses his verdict, he then seeks to ascertain the fact; and, having ascertained it, procures his new trial. In criminal cases the occurrence would, in all probability, be still more frequent; especially should the prosecution be against a person of wealth, or previous good standing, or where those in the vicinity had contracted prejudices either for or against the prisoner, and consequently took a deep interest in the result. It would also put it in the power of an unwilling witness for the government to give the prisoner a new trial almost invariably; for, after an unfavorable verdict, he has but to express, in the presence of some one, feelings indicating enmity, and the verdict would be set aside. Courts, therefore, feel themselves bound to hold the rules granting new trials for newly-discovered evidence with strictness; but at the same time to award them, whenever they become satisfied that the ends of justice require that they should be had.

In the present case, the facts presented not coming within any of the principles upon which new trials can be granted, there must be

*Judgment on the Verdict.*