Cooper *v.* Bakeman.

---

## COOPER *versus* BAKEMAN.

A magistrate, in taking a deposition, acts in a *ministerial* and not in a *judicial* capacity.

If in the caption, he certify falsely, he is accountable to the party injured.

In the caption of a deposition, taken within this State, the magistrate's certificate, as to the notice, manner or cause of the taking, is conclusive evidence of the fact certified, and no evidence can be received to control it.

Thus, the magistrate's certificate, that ' the adverse party was notified to attend,' was *Held*, to exclude parol testimony, offered to show, that the time between the notice and the caption was less than that allowed by the statute.

Whether a deposition, taken within the State, is or is not admissible, is merely a question of law. No discretionary power to admit or reject it is lodged with the Court.

In a replevin suit, the interest of a surety on the replevin bond is removed by a deposit for his use, made with the clerk of the Court, by the plaintiff, of an amount equal to the penalty of the bond. A deposit so made is subject to the control of the Court, until accepted by the party for whose use it was made.

On EXCEPTIONS from *Nisi Prius*, TENNEY, J. presiding.

REPLEVIN for a horse and wagon of the value of *ninety* dollars. The plaintiff offered two witnesses. They were shown to be sureties on the replevin bond and were, for that reason, objected to. The plaintiff's counsel then deposited

with the clerk $180, the penalty of the bond, as an indemnity to the defendant if he should prevail in the suit. The witnesses were then admitted subject to the objection, and testified to matters material to the issue.

The defendant offered two depositions. The captions stated, "that the adverse party was notified to attend," and "that he did not attend." The plaintiff introduced a witness, who testified, subject to objection, to facts tending to show that the time allowed to the plaintiff between the giving of the notice and the taking of the deposition was less than is prescribed by the statute. The depositions were excluded, and the defendant excepts.

*Cutting*, for the defendant.

1. The sureties on the replevin bond were inadmissible for the plaintiff. A judgment for the plaintiff would defeat their liability on the bond. That liability may exceed the penal sum, for it binds them contingently to pay damage and cost, and to restore the property replevied.

At least, it extends to interest upon the penal sum. 1 Mass. 308; 2 Mass. 118. The case of *Warner* v. *Thurlo*, 15 Mass. 154, is especially to the point now in question.

The clerk had no authority to receive the deposit. He was not bound to take it, and his official bond is no security for it. It was therefore out of the defendant's control, and was of no value to him.

II. The depositions were improperly excluded. R. S. chap. 133, sect. 10.

*Rowe & Bartlett*, for the plaintiff.

I. The interest of sureties on the replevin bond was dislodged by the deposit. *Hall* v. *Baileys*, 15 Pick. 51, 53.

II. The depositions were rightfully rejected. The magistrate's certificate of notice given, was but *prima facie* evidence ; and therefore controllable by parol proofs. But, if *conclusive*, the testimony introduced did not contradict it. The certificate merely stated that the adverse party was notified. The testimony showed definitively what that notice was,

and was therefore admissible. It proved that the notice prescribed by the statute was not given, and it was rightful therefore in the Judge to reject the depositions.

SHEPLEY, C. J. — The right to use depositions is regulated by the Revised Statute, c. 133. It does not depend upon judicial discretion. When a party has complied with the provisions of the statute, his right to use such testimony becomes perfect and absolute, unless there be proof of some fact, which, according to the provisions of the statute, prevents its use.

The first section of the statute provides, that "depositions taken for any of the causes and in the manner hereinafter mentioned may be used." There are but two facts to be established to perfect the right. These are, that the deposition has been taken for a prescribed cause and in the prescribed manner.

The third section also provides, that no depositions "taken as aforesaid shall be used," "unless the notice hereinafter mentioned shall have been duly given to the adverse party." The statute by other sections prescribes the notice to be given, and the manner in which the certificate of the magistrate shall be made to constitute proof, that the notice has been given and that the deposition has been taken in the prescribed manner.

The provision contained in the twenty-second section, that depositions taken out of the State, may be admitted or rejected by the Court at its discretion, shows, that it was not the intention to submit to the discretion of the Court the right to use depositions taken within the State for causes and in the manner prescribed.

If a party by a correct construction of the provisions of the statute becomes thus entitled to use a deposition, the argument derived from any apprehended inconvenience and danger to the rights of other parties can have no place. Such an argument can only be considered for the purpose of ascertaining the intention of the legislature, and the correct con-

struction of the statute. When thus considered, the inconveniences, mischiefs, and injuries, which in practice may be reasonably expected to arise from a decision, that the certificate of a justice is not conclusive of the facts required to be and stated in it, will be much greater than those, that can be anticipated from a decision, that it is conclusive.

A party injured by a false certificate made by a magistrate will not be without the means of obtaining redress. Justices of the peace in taking depositions act in a ministerial and not in a judicial capacity; and a party injured by their misconduct will not be without remedy.

If their certificates be not considered as conclusive, and testimony of witnesses may be received to contradict them, it must be received respecting each deposition to ascertain whether the witness was sworn according to law; whether the adverse party was or was not notified as the statute requires; and whether the cause assigned for taking it really existed. The party, who has taken a deposition, may not be informed, that any such testimony is to be introduced, and he may without negligence be unable to produce instantly any opposing testimony, and he may therefore be deprived of the use of the testimony of a witness, whose attendance cannot be procured, and whose testimony cannot be taken again. If informed of it, he may produce counteracting testimony, and the time of the Court may be much occupied in receiving, discussing and deciding upon such testimony; and the trial of causes may be rendered uncertain and unsatisfactory by the exclusion of testimony prepared according to the provisions of the statute. The presiding Judge must be authorized to decide finally according to his discretion to admit or to reject the deposition upon the testimony introduced, or new trials must be granted, when the discretion of the full Court shall differ from that of the presiding Judge, or when the discretion of the superior shall differ from that of the inferior tribunal.

No certain rules for the exercise of such a discretion can be established and made known, upon which parties can safely

rely and be assured, that their testimony has been so taken, that their causes can be tried safely and without delay.

Certificates attached to depositions taken *in perpetuam* can be no more conclusive, than they are in other cases ; and if the right to use them is not to depend upon the facts stated in the certificate, but upon the testimony of witnesses, it may be introduced many years after they have been taken and recorded, and all security of titles to property depending in any degree upon such depositions will be shaken.

In cases of equity, depositions may be taken as in cases of law, and if the certificates be not conclusive, the facts respecting the manner of taking them may be introduced by other depositions, and it may be quite uncertain, whether a party can have his cause decided upon testimony taken in all respects according to the forms prescribed by law.

No person can be expected to anticipate all the inconveniences and mischiefs to be expected from the admission of the testimony of witnesses, respecting the manner of taking depositions.

Should it be suggested, that no such mischiefs have been experienced in Massachusetts or in this State, from a decision, that a certificate of the magistrate was not conclusive, the answer is, that under that rule no such testimony as that named, or as that admitted in this case appears ever to have been received.

The case of *Minot* v. *Bridgewater*, 15 Mass. 492, decided, that a certificate was not conclusive, that notice had been given according to the provisions of the statute then in force, which contained no language expressly giving to a party the right to use a deposition taken for the causes, and in the form prescribed. But the only testimony admitted to disprove the truth of the certificate, was the written notice, which had been served upon the adverse party.

The case of *Homer* v. *Brainard*, 15 Maine, 54, does not decide, that the certificate may be contradicted. It does decide, that when the fact, that notice was given, is omitted to be stated in the certificate, it may be proved by a production

of the notice served.    This decision was made under the statute of 1821, chap. 85, which was in substance the same as the Act of February 3, 1798.

In the case of *Pierce* v. *Pierce*, 29 Maine, 69, the decisions made in these two cases are noticed; and the case decides that a certificate stating, that "the adverse party was notified according to law by a notice to George B. Moody, as attorney of the adverse party," was not proof, that he was such an attorney as might according to the provisions of the statute be notified.    The certificate only stated, that notice was given to Mr. Moody as attorney to the adverse party.    It did not state, that notice was given to the attorney of the adverse party, or to the adverse party, and it was on its face without regard to any extrinsic testimony insufficient to authorize the use of the deposition.    The certificate was not contradicted by the proof shewing, that he had not become an attorney in such manner, that notice might be given to him, according to the provisions of the statute.

In the case of *West Boylston* v. *Sterling*, 17 Pick. 126, it was decided that a certificate of a justice, that the deponent was so aged and infirm as to be unable to travel, and attend at the trial, could not be contradicted.    The opinion states that it is not intended to say that if the magistrate is imposed upon by some false pretence, and if there be any fraud, this may not be shown.

There does not appear to have been any decision made in this State, since the Revised Statutes were operative, that the certificate of a magistrate who has taken a deposition can be contradicted.

The sureties on the replevin bond were admitted to testify after the plaintiff had deposited money with the clerk equal to the amount named as the penal sum.    The clerk received the money as the officer of the Court, as he does money tendered and brought into Court.    In such cases he receives it subject to the control of the Court; and if there be any just cause to fear, that it may be lost, he may be directed to deposit it, where it may be safely kept.    The case of *Roberts* v.

*Adams,* 9 Greenl. 9, appears to authorize a deposit of money with the clerk for such purposes.

The sureties could be liable for no greater amount than the penal sum named in the bond, without proof of delay of payment after its breach ; and such delay could not be presumed, when the money, from which payment could be obtained, was within the control of the Court.

*Exceptions sustained, verdict set aside, and new trial granted.*