J-S40024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DUSTIN ALAN WALLS, | |
| Appellant | No. 2125 MDA 2013 |

Appeal from the Judgment of Sentence May 15, 2013
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000361-2011

BEFORE:  BENDER, P.J.E., BOWES, and PANELLA, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 09, 2014**

Dustin Alan Walls appeals from the judgment of sentence of two years and three months to fifteen years incarceration imposed by the trial court after a jury found him guilty of possession with intent to deliver ("PWID") oxycodone.  After careful review, we affirm.

Pennsylvania State Trooper John Brumbaugh and the Franklin County Drug Task Force utilized a confidential informant ("CI") to purchase oxycodone on March 11, 2010.  The CI purchased oxycodone in the parking lot of Kentucky Fried Chicken and handed the drugs to Trooper Brumbaugh.  The Commonwealth charged Appellant with PWID with respect to this incident on January 18, 2011.  Appellant filed a motion *in limine* seeking to

preclude any statements by the CI unless the CI testified, and argued for disclosure of the CI's identity.[1] The court denied the motion. Nonetheless, the identity of the CI was revealed ten days before trial as Dennis Rexrode. Rexrode did not testify at trial. However, Trooper Brumbaugh testified that Rexrode purchased drugs from Appellant on the date in question. Detective Darren North also testified that Rexrode was the CI involved. The court denied Appellant's request for a missing witness instruction relative to Rexrode, and directed Appellant not to argue that position in his closing summation. The jury initially asked one question of the court, which was how the Commonwealth identified Appellant, before it found Appellant guilty of PWID. Thereafter, the trial court sentenced Appellant to two years and three months to fifteen years imprisonment.

Appellant filed a timely post-sentence motion alleging the existence of after-discovered evidence. Specifically, Appellant learned that Rexrode denied involvement in the drug transaction. The court conducted a hearing on June 27, 2013, and scheduled an additional hearing. However, the Commonwealth continued the matter. Appellant filed a motion to extend the time to decide his post-sentence motion, *see* Pa.R.Crim.P. 720(B)(3)(b), on July 25, 2013. The court conducted the remainder of the post-sentence

---

[1] Appellant also filed a suppression motion, which is irrelevant for purposes of this appeal.

hearing on October 10, 2013, and indicated that it had granted Appellant's extension.

Rexrode testified that he was not involved in any drug transactions with Appellant on behalf of the Commonwealth. He indicated that he had aided the Commonwealth with four specific targets, but was not involved with the investigation pertaining to Appellant. The Commonwealth countered with testimony from both Trooper Brumbaugh and Detective North. Detective North related that Appellant informed him that Trooper Brumbaugh confused the informant involved and that it was not Rexrode, but a person named Tom Land. According to Detective North, Appellant did not deny that he was involved in the drug transaction.

Ultimately, Appellant's motion was denied. This timely appeal ensued. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court authored its Rule 1925(a) opinion. The matter is now ready for our review. Appellant's sole issue on appeal is "[w]hether the trial court erred in denying Appellant[']s [p]ost-[s]entence [m]otion for a new trial based on after discovered evidence in the form of the confidential informant denying having ever purchased narcotics from Appellant?" Appellant's brief at 6.

We review a trial court's decision to deny or grant a motion for new trial on the basis of after-discovered evidence for an abuse of discretion.

*Commonwealth v. Lyons*, 79 A.3d 1053, 1068 (Pa. 2013).  Our Supreme Court has consistently opined that a motion for a new trial should be granted when the after-discovered evidence is producible and admissible and:

> (1) could not have been obtained prior to the end of trial with the exercise of reasonable diligence; (2) is not merely corroborative or cumulative evidence; (3) is not merely impeachment evidence; and (4) is of such a nature that its use will likely result in a different verdict on retrial.

*Id*.[2]  A defendant must establish by a preponderance of the evidence that each of these prongs has been met to be entitled to a new trial. *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa.Super. 2010).

Appellant argues that Rexrode's testimony meets all four prongs of the after-discovered evidence test.  He contends that the trial court agreed that he had satisfied the first two prongs by showing that the evidence was discovered after trial and could not have been discovered by the exercise of due diligence and the evidence was not cumulative.  However, Appellant submits that the court erred in finding that the evidence would have been

_____

[2]  This test has received criticism with respect to the third element.  *See Commonwealth v. Choice*, 830 A.2d 1005 (Pa.Super. 2003) (Klein, J. dissenting); *see also Commonwealth v. Perrin*, 59 A.3d 663 (Pa.Super. 2013) (Wecht, J. concurring) (citing *Choice*, *supra*); *Commonwealth v. Foreman*, 55 A.3d 532 (Pa.Super. 2012) (Wecht, J. concurring) (citing *Choice*, *supra*).  In this respect, Judge Klein and Judge Wecht astutely recognized that, in certain cases, impeachment evidence could reveal that the outcome of the trial would be different.  We briefly discuss the history of this element in the body of this memorandum.

used solely to impeach Trooper Brumbaugh and was not likely to result in a different verdict.

Appellant acknowledges that Rexrode's testimony would impeach that of Trooper Brumbaugh. Nonetheless, he points out that this testimony also would be factual testimony that Appellant did not sell drugs to Rexrode, *i.e.*, it is both impeachment evidence and exculpatory factual evidence. According to Appellant, Rexrode's testimony would "factually account for the whereabouts of the informant who the Commonwealth specifically alleged to the jury to have been present in a vehicle at a specific date and time conducting a purchase of narcotics[.]" Appellant's brief at 12. He adds that Rexrode's testimony also calls into question the chain of custody of the drugs involved since Trooper Brumbaugh testified that Rexrode provided him with the drugs sold to him by Appellant. With respect to the prejudice aspect of the after-discovered evidence test, Appellant asserts that the evidence "speaks directly to [his] innocence." ***Id***. at 14. Appellant contends that it is likely that the jury would have reached a different outcome since the CI allegedly involved would have testified that he did not take part in the drug deal.

The Commonwealth has elected not to file a brief, relying solely on the trial court opinion in this matter. The trial court set forth that Appellant did attempt to contact Rexrode by both phone and letter via the phone numbers and address provided by the Commonwealth prior to trial, and was

unsuccessful. The court found that Appellant exercised reasonable diligence in attempting to locate and discuss the matter with Rexrode.

In addition, the court concluded that Appellant met the second aspect of the after-discovered evidence test. In this regard, the court reasoned that Rexrode's testimony was not cumulative of Appellant's testimony since Appellant did not testify regarding the CI used in the deal. Rather, Appellant stated that he did not deliver the drugs and could not have done so because he did not have a vehicle at that time. Since Rexrode's testimony was that he was not the CI involved in this matter, and Appellant's testimony did not encompass such a claim, the evidence was not cumulative.

As noted, however, the trial court determined that Appellant could not meet the final two prongs of the after-discovered evidence paradigm. The court opined that Rexrode's testimony would have been used solely to impeach Trooper Brumbaugh. Finally, the court concluded that Appellant could not demonstrate that the outcome of the trial would have differed on retrial had Rexrode testified. The court reasoned that Rexrode's testimony only established his whereabouts, not those of Appellant. In its view, the evidence was not exculpatory. It added that Appellant's own admission to Detective North was that Trooper Brumbaugh incorrectly identified the CI, not that he did not sell drugs on the date in question.

Here, Appellant's attempts to contact Rexrode prior to trial were unsuccessful. Following trial, Appellant, according to his post-sentence

motion, encountered Rexrode at a local gas station. Rexrode affirmed that he did not purchase drugs from Appellant and that same day reiterated that claim to counsel for Appellant. As mentioned, the trial court determined that Appellant could not have learned the nature of Rexrode's testimony until after trial and that he exercised diligence in attempting to locate and contact Rexrode before trial. We decline to disturb this ruling.

In addition, we agree with the trial court's assessment that Rexrode's testimony was not merely cumulative or corroborative of evidence admitted at trial. Rexrode would have testified that he did not purchase drugs from Appellant on the date in question. Although Appellant testified that he did not sell drugs on the relevant date, Rexrode's proffered testimony differed from the testimony of Trooper Brumbaugh. Certainly, Rexrode's testimony would have impeached Trooper Brumbaugh; however, we disagree that Rexrode's testimony would have been used solely to impeach the trooper.

Evidence that Rexrode did not purchase drugs from Appellant would be exculpatory in nature based on the Commonwealth's evidence admitted at trial. In the present case, the Commonwealth alleged and introduced evidence that Appellant sold oxycodone, in the form of Percocet pills, to Rexrode. Rexrode's testimony that he did not purchase the pills is exculpatory in this respect. This, of course, does not mean that Appellant did not sell drugs to another individual; nevertheless, the Commonwealth's trial evidence was premised on a sale to Rexrode. Hence, we disagree with

the trial court's conclusion that Rexrode's testimony was merely impeachment evidence. Impeachment evidence that is after-discovered may compel a different verdict where it is material and exculpatory. ***Commonwealth v. Mosteller***, 284 A.2d 786 (Pa. 1971); ***Commonwealth v. Krick***, 67 A.2d 746 (Pa.Super. 1949). Moreover, simply because evidence can be used to impeach another witness does not mean that its sole use is for impeachment purposes. Indeed, it is clear that the original purpose of the impeachment prong of the test has come unhinged from its original intent and blurred the law in this area.

In ***Moore v. Philadelphia Bank***, 5 Serg. & Rawle 41 (Pa. 1819), the Pennsylvania Supreme Court set forth that, to be entitled to a new trial based on after-discovered evidence: "1st, that the evidence has come to his knowledge since the trial; 2d, that it was not owing to want of due diligence, that it did not come sooner; and 3d, that it would probably produce a different verdict, if a new trial were granted." Later, and after citing to ***Moore***, the Pennsylvania Supreme Court expounded on the law regarding a motion for a new trial based on after-discovered evidence in a criminal case in ***Commonwealth v. Flanagan***, 7 Watts & Serg. 415 (Pa. 1844). The ***Flanagan*** Court opined,

> a great deal of testimony has been given, which does not establish independent facts, material to the issue; but its only effect is to impeach the credit of some of the witnesses examined on the former trial. But the rule of law is, that the testimony must go to the merits of the case, and must not be merely for the purpose of impeaching the testimony of the

witnesses. For newly discovered evidence, discrediting witnesses who testified on a former trial, a new trial is never granted.

*Id*. at 423. The case relied upon by the *Flanagan* Court for this proposition was *People ex rel. Oelricks v. Superior Court of City of New York*, 10 Wend. 285 (1833).[3] That decision delineated:

> With respect to granting *new trials on the ground of newly discovered testimony,* there are certain principles which must be considered settled. 1. The testimony must have been discovered since the former trial. 2. It must appear that the new testimony could not have been obtained with reasonable diligence on the former trial. 3. It must be material to the issue. 4. It must go to the merits of the case, and not to impeach the character of a former witness. 5. It must not be cumulative. 4 *Johns. R.* 425. 5 *id.* 248. It cannot be denied in this case that the testimony offered was material to sustain the point of defence; and that it is not liable to the objection that it goes to impeach the plaintiff's witness. Russell says nothing about the character of the witness Heckscher, but contradicts the fact sworn to by him.

*Id*. at 292 (italics in original). Certainly, factual testimony that contradicts the testimony of another witness can be impeachment evidence, but it is not evidence that impeaches the character of a witness. The earlier New York case cited therein reasoned, "A new trial is not to be granted, merely on the discovery of new evidence, which would impeach the character of a witness at the trial. There would be no end of new trials on that ground." *Shumway v. Fowler*, 4 Johns. 425 (N.Y.Sup. 1809). Thus, the impeachment evidence

---

[3] The *Flanagan* Court entered an incorrect pin cite as it cited to 10 Wend. 492, rather than 292. The case cited has no bearing on after-discovered evidence. However, the Court cited to the correct case in the next sentence in discussing the cumulative evidence portion of the after-discovered evidence test.

referred to by the early courts was in reference to impeaching the character of a witness or impeachment as to non-material facts. Where the evidence contradicted factual testimony as to a material issue, it was not considered as being used solely for impeachment purposes. *See Oelricks*, *supra*, cited by *Flanagan*, *supra*. This nuance was accepted in *Mosteller*, *supra*, and *Krick*, *supra*. The alleged after-discovered evidence in those matters involved recantation from a victim. While such testimony would certainly impeach the victim's earlier testimony, it also was material factual testimony that contradicted facts sworn by that person and was exculpatory in nature.

Hence, the original import of the impeachment prong of the after-discovered evidence test applied to evidence that impeached the character of a witness, or was impeachment that was immaterial to the merits of the case, not evidence that could be exculpatory. *But see Padillas*, *supra* at 367 (citing to *Commonwealth v. Pagan*, 950 A.2d 270 (Pa. 2008), which did not rely on the impeachment aspect of the after-discovered evidence test, and opining that an admission by the brother of the defendant to having committed the crime would be used solely for impeachment purposes); *Commonwealth v. Kostan*, 37 A.2d 606 (Pa. 1944).

Setting aside whether this evidence was not solely for impeachment, we agree that Appellant is not entitled to relief because Rexrode's testimony would not likely result in a different verdict upon re-trial. Even assuming *arguendo* that Rexrode was not the CI involved, Appellant acknowledged to

- 10 -

Detective North after his trial that he sold the drugs on the date and place in question to a different CI. Such an admission negates the exculpatory aspect of Rexrode's testimony. As the **Flanagan** Court reasoned over a century and a half ago, "[i]f, with the newly discovered evidence before them, a jury ought to come to the same conclusion as the former jury, it would be worse than useless to grant a new trial." **Id**. at 424.

Judgment of sentence affirmed.

Judge Panella Concurs in the Result.

P.J.E. Bender files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/9/2014