PERCY C. SMALL *v.* CHRONICLE AND GAZETTE PUBLISHING COMPANY.

*William H. Sleeper, Robert Shaw* and *Wayne J. Mullavey (Mr. Mullavey* orally), for the plaintiff.

*Hughes & Burns* and *Donald R. Bryant (Mr. Bryant* orally), for the defendant.

LAMPRON, J. Whether justice requires that a new trial should be had upon the ground of newly discovered evidence is a question of fact for the Trial Court. *McGinley* v. *Railroad,* 79 N. H. 320, 321; *Jackson* v. *Smart,* 89 N. H. 457, 458; *State* v. *Long,* 90 N. H. 103, 107. However "it is always the duty of this court to determine as a matter of law whether the evidence on which the trial justice has based his findings is such that those findings can reasonably be made." *State* v. *Long, Id.; Roy* v. *Chalifoux,* 95 N. H. 321, 324.

To authorize the finding that a new trial should be granted under the provisions of R. L., c. 398, s. 1, upon the ground of newly discovered evidence, it must appear, among other requisites, that this evidence is not only material to the issues joined (*McGinley* v. *Railroad, supra*), but that it is moreover of such a character as to be admissible under the rules governing the competency of evidence. *Delisle* v. *Smalley,* 96 N. H. 58, 59; *Sessmer* v. *Commonwealth,* 273 Ky. 40, 45; *Deeble* v. *Stearns,* 186 P. (2d.) 173; 39 Am. Jur. 171.

In our opinion the evidence offered by the defendant in support of its motion for a new trial did not meet the latter requirement. This evidence related to particular acts of misconduct on the part of the plaintiff. A defendant in an action for slander may introduce, for the purpose of reducing the damages, evidence to show that the plaintiff's general character or reputation is bad, but evidence of particular facts tending to establish the plaintiff's reputation is inadmissible. True these acts of misconduct and the publicity given to them may have affected his reputation. If they have, then evidence of his reputation alone suffices to show it. *Lamos* v. *Snell,* 6 N. H. 413; *Pallet* v. *Sargent,* 36 N. H. 496; *Knight* v. *Foster,* 39 N. H. 576; *Bausewine* v. *Herald,* 351 Pa. 634; *Tokmakian* v. *Fritz,* 67A. (2d) 834; 53 C. J. S. 387; 33 Am. Jur. 269; 1 Wig. Ev. (3d *ed.*) ss. 70, 209; 43 A. L. R. 887, 890; 130 A.L.R. 854, 858.

The defendant further contends in its brief that the evidence offered in support of its motion for a new trial is also admissible to show "that the plaintiff was not a man whose feelings would be easily wounded. He had been involved in various criminal actions which had received wide publicity. He had not endured the same mental suffering which a man with a spotless reputation and character would endure upon being charged with crime." This evidence it is argued would be admissible to rebut plaintiff's claim of mental suffering. This type of evidence is open to the same objections as renders inadmissible evidence of particular acts of misconduct in mitigation of damages in an action of this type. *Curley* v. *Curtis Publishing Co.*, 48 F. Supp. 27.

The evidence adduced by the defendant in support of its motion for a new trial not being admissible under the rules governing the competency of evidence it would not be the basis for the granting of a new trial.

Nor was the defendant entitled to a new trial under the doctrine of *Rasquin* v. *Cohen*, 92 N. H. 440. The record in the case does not support defendant's contention that plaintiff was asked if he had committed any criminal offense and that plaintiff answered that he had not. The most that can be said is that plaintiff did not give direct answers to the not too direct questions of defendant's counsel on that subject. There is no evidence from which the Trial Court could find that plaintiff testified falsely on a material issue and that his testimony was dishonest so as to entitle it to a new trial under the doctrine of the *Rasquin* case.

The order must therefore be

*Judgment on the verdict.*

All concurred.