Merrimack, }
Dec. 2, 1952. } No. 4069.

MAUDE RAU, *Adm'x v.* FIRST NATIONAL STORES.

492

*Upton, Sanders & Upton* (*Mr. Sanders* orally), for the plaintiff.

*Sulloway, Jones, Hollis & Godfrey* and *Irving H. Soden* (*Mr. Soden* orally), for the defendant.

KENISON, C. J. After suit had been instituted and Gilleran's employment with the defendant terminated, he gave a statement to plaintiff's counsel in which he stated that he tried to keep people out of the window display but was not successful, that the gate was open part of the time and that he had told Berberean, the manager of the grocery department, that "We were having trouble with customers going through the gate to get beverages and that

people will get injured by falling down the stairway." Berberean "would say" 'all right, I'll take care of it,' but he didn't do it." Subsequent to the accident Gilleran was transferred to another store of the defendant where he worked only three days and never returned. There was evidence that his work was unsatisfactory at the Concord store and he was relieved of his duties as manager for that reason. He was finally interviewed by one of the defendant's counsel, and stated that he had no use for the defendant and hoped that they "would get stuck good and plenty." After these interviews Gilleran deceased which raised the question whether the statement could be introduced as a statement against interest. It was excluded and the plaintiff assigns error in this exclusion.

"The declarations of a person, if made against his interest, are admissible under a very ancient exception to the rule against hearsay evidence. 3 Wig. Ev. (2d *ed.*) *s.* 1455. 'The Exception presupposes, like most of the others, first, a Necessity for resorting to hearsay, . . . i. e. the death of the declarant, or some other condition rendering him unavailable for testimony in court; and, secondly, a Circumstantial Guarantee of Trustworthiness. . . in this instance, the circumstance that the fact stated, being against the declarant's interest, is not likely to have been stated untruthfully.' *Id.*" *Tuftonboro* v. *Willard,* 89 N. H. 253, 258.

The Trial Court was of the opinion that Gilleran "was attempting to protect himself rather than admitting any fault," and considering the circumstances under which it was made refused to accept it.

Probably the leading case admitting such a statement is *Halvorsen* v. *Moon & Kerr Lumber Co.,* 87 Minn. 18. There a statement by an employee admitting his negligence for a fire which started in a room over which he had charge was allowed. The court held that this "furnished the basis of a pecuniary claim against him on the ground of his negligence." *Id.,* 22. This view was followed in *Windorski* v. *Doyle,* 219 Minn. 402, where the defendant was held liable on the basis of admissions made by a sole employee through whom the claimed liability arose.

Merely because Gilleran may have been a dissatisfied employee when he gave his statements and interviews and therefore had a motive to misrepresent is not of itself sufficient grounds to exclude this evidence after his death. It is not separate and additional requirement of a statement against interest that it be free from bias and prejudice. V Wig. Ev. (3rd *ed.*) *s.* 1464. This affects the

credibility of the evidence but does not destroy its competency providing the statement is actually against the interest of the declarant.

A statement against interest is admitted as an exception to the hearsay rule partly due to necessity because the witness is dead or otherwise unavailable and partly because of "the principle of experience that a statement asserting a fact distinctly against one's interest is unlikely to be deliberately false or heedlessly incorrect." V Wig. Ev. (3rd *ed.*) *s.* 1457. Gilleran's statement does not in words or by implication admit fault or negligence on his part, and it does not indicate any awareness on his part that he would have to respond in damages for the decedent's death. We find it difficult to believe that an employee of a nationwide concern would expect that he would be liable for damages for a non-intentional tort which he says was caused by the neglect of another. In any event it does not meet the following necessary test: "the interest injured or the burden imposed by the fact stated should be one so palpable and positive that it would naturally have been present in the declarant's mind." V Wig. Ev. (3rd *ed.*), *s.* 1461. The Trial Court's exclusion of the Gilleran statement as a statement against interest was proper. Although additional reasons may have been given for the exclusion by the Trial Court, this does not affect the correctness of his ruling excluding the evidence.

An attorney for the defendant testified concerning his interview with Gilleran after looking at a memorandum he had prepared for the date of the interview. Plaintiff asked to see the memorandum. It was examined by the Court who denied the request because it was a confidential report from one man in the law office to another and because it contained "other matters in the case that haven't been touched on." This involves a discretionary matter of procedure and no abuse of discretion is apparent.

During the cross-examination of one of plaintiff's witnesses, he was asked if he had not made a contradictory statement. The witness replied that he might have and that he believed that he did. Objection was made to the introduction of the contents of the written statement in this manner. Since the witness admitted the contradictory statement, the written statement itself was not required to be put in evidence. *Precourt* v. *Driscoll*, 85 N. H. 280.

An executive of the defendant was allowed to express an opinion that in the area where the accident occurred a customer would expect that it was not an area for use by the public. The admissi-

bility of opinion evidence in this state has a broader scope than it does in other jurisdictions. *Lavoie* v. *Brockelman Bros. Inc.,* 315 Mass. 673. If the opinion expressed will be of aid to the jury and the witness is qualified to speak, it "is admissible even though it bears directly on a main issue." *Christie* v. *Company,* 87 N. H. 236, 239; *Weiss* v. *Wasserman,* 91 N. H. 164, 166.

The Court instructed the jury that if the plaintiff entered an area forbidden to him, "if you so find," which caused his injury, he could not recover. Upon objection that the instruction invaded the province of the jury, the Court gave a supplemental instruction stating that the court was not "making any findings that there were any areas forbidden or not; that is your province." This did not give undue emphasis to the area of the place of the accident as a forbidden one. The amplifying instruction left the matter to the jury to decide and did not invade their province in the matter.

During a portion of the charge to the jury it was stated that the fact that some people went in the area and were immediately ejected "does not of itself create an invitation to others to go through." Objection was made to this since the fact that customers were using the area was evidence of invitation, whether or not some were requested to leave. *True* v. *Creamery,* 72 N. H. 154; *Colby* v. *Treisman,* 85 N. H. 19. The following supplementary instruction, which in our opinion cured the objection made, was then given to the jury. "You were told about the fact that some people were in there and were ejected, that that act alone was not to be considered as an invitation. It was the intention of the Court to inform you that the mere fact that people went in there, and there was some evidence they were ejected, that fact alone, that they were in there, you cannot just find that to be proof of invitation, but you certainly cannot disregard it in trying to discover whether it should be anticipated that people would go in there. You will give full consideration to all the circumstances in trying to decide this case."

The motions for nonsuit and a directed verdict were properly denied. There was evidence that the gate near the stairs was open at times, that the sign, "For employees only" could not be seen at other times and that customers had used the area. The plaintiff was in the store as a business visitor. *Monier* v. *Belzil,* 97 N. H. 176. Whether the invitation would be understood to extend to the area of the accident depended on the circumstances at that time. *Holmes* v. *Stores,* 95 N. H. 478. On this record it cannot be said

as a matter of law that the plaintiff was a trespasser who was encountering a perfectly obvious danger. Restatement, Torts, *s.* 343, *comment b.* There was other evidence in the case, which the defendant says was inadequate and flimsy, concerning inadequate lighting and refuse on the floor but it was evidence that the jury were entitled to consider so that the Court was justified in not entering a nonsuit or a directed verdict.

*Judgment on the verdict.*

DUNCAN, J., dissented in part: the others concurred.

DUNCAN, J., *dissenting:* The evidence that the defendant's customers, to its knowledge, entered with some frequency the area where the plaintiff was injured formed the basis of the plaintiff's case, and constituted evidence, or proof, of invitation. The court expressly holds it to have been sufficient to raise an issue for the jury. It could be found that customers understood that they were permitted in the area; and the evidence of the warning sign, and that some were ejected, demonstrated that the defendant had reason to anticipate their presence there. See *Ghilain* v. *Couture,* 86 N. H. 117, 120.

In an early portion of the charge, the rule was correctly stated "that a business invitation extends to such parts of the premises as the defendant in reason ought to understand that his invitees would understand were for their use." *Pickford* v. *Abramson,* 84 N. H. 446, 448; *Cable* v. *Donahue,* 85 N. H. 258; *Holmes* v. *Stores,* 95 N. H. 478. The jury was later instructed that "the mere fact some people went in there and were immediately ejected does not of itself create an invitation to others. . ." and could not be found "proof of invitation," yet that it should not be disregarded on the question of anticipation. These instructions could only have served to confuse the jury. The invitation extended to places where the defendant should reasonably have anticipated that customers would go. Evidence that customers went there under circumstances known to the defendant, was evidence that it should anticipate their presence and hence was some proof, at least, of invitation. To say that it was not, but yet was evidence that the defendant should anticipate their presence was a contradiction in terms. The invitation was coextensive with what the defendant had reason to anticipate.

Taken as a whole the charge left the jury with no certain standard

by which to determine the defendant's liability, and probably conveyed an erroneous conception of the law. This was error such as to require a new trial. *Cable* v. *Donahue, supra,* 260; *West* v. *Railroad,* 81 N. H. 522, 532, 533.