Grafton
No. 7449

LESLIE BURROUGHS

AND

VERA BURROUGHS RAYMOND

v.

HILDA WYNN

February 28, 1977

*Sullivan & Wynot,* of Manchester (*Mr. Edward D. Wynot* orally) for the plaintiffs.

*Nixon, Christy, Tessier & Peltonen,* of Manchester, and *Randolph J. Reis,* of Nashua (*Mr. David L. Nixon* orally) for the defendant.

BOIS, J.   Bill in equity to declare a conveyance of property null and void. Trial by the court resulted in a decree for the plaintiffs. Subsequent to the decree, the defendant filed a motion for rehearing so as to permit the consideration by the court of testimony and exhibits claimed to be material to the defendant's case but not introduced at the time of the original hearing allegedly due to accident, mistake, and misfortune, and through no fault of the defendant. After hearing, the motion was denied. Defendant duly excepted. All questions of law were reserved and transferred by the Trial Court (*Johnson,* J.).

All parties to this action are children of Rhoda M. Burroughs who died testate on October 30, 1946. Under her will, plaintiff Leslie Burroughs was given a life estate in certain realty, with a remainder to the plaintiff Vera Burroughs Raymond if she survived Leslie. The defendant Hilda Wynn was one of the remaining children who were given a contingent remainder in said property in the event Vera predeceased the life tenant.

Leslie Burroughs, a handicapped person not completely self-supporting, received assistance from members of his family, including his plaintiff and defendant sisters. Plaintiff Vera paid the taxes for several years after the mother's death and the defendant Hilda then volunteered to pay them from 1951 to 1966. There was no evidence suggesting that the defendant, or anyone else, expected repayment of monies expended for Leslie's support and/or the taxes.

In 1967, the defendant failed to pay the taxes when due, but this was not unusual as she had been late paying them in several prior years. On this occasion, however, the defendant not only failed to pay the taxes but she purchased the real estate at a tax collector's sale held on April 5, 1968. A deed dated April 8, 1970, was obtained from the tax collector and recorded by the defendant in the Grafton County Registry of Deeds. In 1971 the plaintiffs learned of the tax sale, and they commenced this action alleging that the defendant had obtained the real estate by fraud. Plaintiffs further alleged that defendant thereafter concealed her actions and

deliberately led plaintiffs to believe that they continued to hold title to said property. The trial court found for the plaintiffs, ordering the defendant to reconvey the property under the same terms of ownership as existed prior to the tax collector's deed. Plaintiffs were ordered to reimburse the defendant for taxes paid plus interest at six percent per year.

The first issue raised on appeal is whether the evidence was sufficient to support the court's finding that the defendant acted fraudulently.

■ We agree that fraud will never be presumed, but must be established by clear and convincing proof, and that fraud will not be implied from doubtful circumstances. *Sheris v. Thompson,* 111 N.H. 328, 331–32, 295 A.2d 268, 271 (1971). "However, the proof need not be absolute but may be founded on circumstances such as existed here where the defendant's motive to mislead was strong and his conduct both before and after the misrepresentation complained of evinced a controlling intent to look after his own interests rather than carry out his commitments to the plaintiff." *Lampesis v. Comolli,* 101 N.H. 279, 283, 140 A.2d 561, 564 (1958).

A review of the transcript shows ample evidence to support a finding of fraud. For example, on two occasions, subsequent to the 1967 tax sale, the defendant arranged meetings between the plaintiff Vera and prospective buyers. The defendant, never indicating she owned the premises, refused to participate in any of the conferences and created an impression that ownership was still in the plaintiffs. Mrs. Wynn's conduct, subsequent to her purchase for unpaid taxes, evidenced an intention to keep information of the sale from the plaintiffs while exercising control over the property under the guise of protecting the interest of Leslie. Accordingly, the defendant's exception as to the sufficiency of the evidence is overruled.

■ Defendant's second contention is that the trial court erred in denying her motion for a new trial. RSA 526:1 provides for the granting of a new trial in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable. The granting or denial of a new trial, after notice and an opportunity to be heard, is in the discretion of the court. *DiPietro v. Lavigne,* 98 N.H. 294, 99 A.2d 413 (1953). In the instant case, an opportunity to be heard was provided to the

parties in conference with the court, and therefore the question posed is basically one of abuse of discretion.

As set forth in *Rautenberg v. Munnis,* 109 N.H. 25, 26, 241 A.2d 375, 376 (1968), the findings which are prerequisite to the granting of a new trial are:

> (1) that the moving party was not at fault for not discovering the evidence at the former trial; (2) that the evidence is admissible (citation omitted), material to the merits, and not cumulative; and (3) that it must be of such a character that a different result will probably be reached upon another trial.

*Barton v. Plaisted,* 109 N.H. 428, 432, 256 A.2d 642, 645 (1969); *Bricker v. Sceva Speare Hosp.,* 114 N.H. 229, 231, 317 A.2d 563, 565 (1974).

In discussing whether the movant has made the requisite showing, we have noted that issues of fact are to be determined by the trial court and the court's findings will be sustained unless clearly unreasonable. *Bricker v. Sceva Speare Hosp. supra; DiPietro v. Lavigne,* 99 N.H. 173, 175, 106 A.2d 395, 397 (1954). We have further noted that the new evidence must go to the merits of the case and must not merely have a tendency to impeach or discredit a witness and must be of such a character that it is at least probable that a different result will be reached upon another trial. *State v. Nelson,* 105 N.H. 184, 193, 196 A.2d 52, 59 (1963).

There were two items of "new" evidence offered by the defendant at the hearing on the motion. The first of these is a list of fifty-seven checks totalling $3,867.33 allegedly representing expenditures by the defendant for the benefit of Leslie. The other item, presented orally to the court, is summarized in defendant's brief as "[e]vidence that Plaintiff Vera Raymond knew that the real estate in question was being sold for the non-payment of taxes due in 1967."

The trial court found "[a]fter a complete and thorough review of the transcript of this proceeding . . . that no further evidence could overcome the defendant's own statements and admissions as to her conduct and the reasons for such conduct."

The defendant failed in her burden of convincing the original trier of facts that the suggested new evidence "was of such a char-

acter that a different result will probably be reached upon another trial." We conclude that the motion was properly denied.

*Exceptions overruled.*

All concurred.