Rockingham
No. 80-011

## THE STATE OF NEW HAMPSHIRE

v.

## JOHN M. KELLY

December 29, 1980

*Gregory H. Smith,* acting attorney general (*Brian T. Tucker,* attorney, orally), for the State.

*Stanley J. Spero,* of Cambridge, Massachusetts, by brief and orally, for the defendant.

KING, J. The defendant appeals his conviction for the unlawful sale of a controlled substance, cocaine, in violation of RSA 318-B:2 (Supp. 1979). The defendant seeks a new trial on the grounds that the Trial Court (*Randall*, J.): (1) made comments prejudicial to the defendant which demonstrated judicial bias; (2) erred in admitting the testimony of a State criminologist, which identified the substance sold by the defendant as cocaine, because such testimony was based on hearsay; and (3) erred in refusing to grant a new trial based on the existence of newly discovered evidence. We affirm the defendant's conviction.

This court has repeatedly applied the rule that failure to properly object and take an exception to alleged errors occurring during the course of a trial precludes a party from raising such issues on appeal. *See, e.g., State v. Carroll*, 120 N.H. 458, 461, 417 A.2d 8, 10 (1980); *State v. Gullick*, 120 N.H. 99, 104, 411 A.2d 1113, 1116 (1980). This rule enables trial judges to consider alleged errors and to take remedial measures when necessary. *See State v. Osborne*, 119 N.H. 427, 432, 402 A.2d 493, 497 (1979).

The redirect examination of Corporal Henry Carpenito, a witness for the State, contained the following testimony:

"MR. SPERO: What I am saying, he is testifying to 'we', you know, I want his testimony, what he was doing.
THE COURT: He will give you the testimony.
MR. SPERO: He started off by saying 'we.' It seems to me somebody else was involved.
THE COURT: I assume the whole State Police force was involved. The undercover department, they're always doing something."

Although defense counsel properly objected and excepted to the line of questioning pursued by the State, defense counsel failed to object to the court's statement. The failure of defense counsel to object immediately belies his claim that the judge's comments were so prejudicial as to require a new trial. We fail to see how the judge's comments indicated bias or prejudiced the case but need not reach that issue. *See Sperl v. Sperl*, 119 N.H. 818, 821–22, 408 A.2d 422, 424 (1979).

The contemporaneous exception rule also precludes review of the defendant's claim that the testimony of the State's criminologist was based on hearsay. A review of the record indicates that although defense counsel cross-examined the

criminologist extensively in an attempt to discredit his testimony, defense counsel never objected that the testimony was based on hearsay.

▮ Finally, we address the defendant's contention that he is entitled to a new trial on the basis of newly discovered evidence. *See State v. Carr*, 21 N.H. 166, 173 (1850); RSA 526:1. Whether a new trial should be granted on the basis of newly discovered evidence is a question of fact for the trial court. *Small v. Company*, 96 N.H. 265, 267, 74 A.2d 544, 545 (1950). In order to obtain a new trial on this basis, the party seeking the second trial must establish:

> "(1) that the moving party was not at fault for not discovering the evidence at the former trial; (2) that the evidence is admissible (citation omitted), material to the merits, and not cumulative; and (3) that [the evidence is] of such a character that a different result will probably be reached upon another trial. (Citations omitted.)"

*Burroughs v. Wynn*, 117 N.H. 123, 126, 370 A.2d 642, 644 (1977); *Rautenberg v. Munnis*, 109 N.H. 25, 26, 241 A.2d 375, 376 (1968).

▮ The allegedly new evidence that the defendant relies upon consists of an affidavit executed by the defendant's brother after the trial in which he asserts to be the person who sold the cocaine. Although this evidence might satisfy the last two requirements, the record demonstrates that the evidence fails to meet the first requirement. According to the defendant's own motion, he had discussed the defense of mistaken identity with his attorney during the course of the trial. The defendant should have raised the defense at that time. *See Perley v. Roberts*, 91 N.H. 254, 255, 18 A.2d 385, 386 (1941).

The defendant argues that his brother was out of state and unwilling to come forward at the time of trial. The signed affidavit was not the only way, however, in which to raise the defense of mistaken identity; cross-examination of the State's witnesses or direct testimony by people familiar with the defendant and his brother could adequately have raised for the jury the possibility of misidentification.

▮ The right to a new trial on the basis of newly discovered evidence is intended to prevent a miscarriage of justice, *see* RSA 526:1, not to allow defense counsel to withhold presentation of a defense known to exist at the time of trial and later come forward

with "new" evidence of a defense and request a new trial. *See State v. Carr, supra* at 174. Accordingly, we hold that the trial court properly rejected the defendant's motion for a new trial.

*Exceptions overruled; affirmed.*

All concurred.