Hillsborough
No. 85-115
No. 85-225

THE STATE OF NEW HAMPSHIRE

v.

NORMAN R. MALLAR

April 11, 1986

*Stephen E. Merrill*, attorney general (*Tina Schneider*, assistant attorney general, on the brief and orally), for the State.

*New Hampshire Public Defender*, of Concord (*Bjorn Lange* on the brief and orally), for the defendant.

BROCK, J. In this appeal from his conviction for negligent homicide, the defendant raises the following issues: (1) whether the Trial Court (*Nadeau*, J.) erred in admitting the entire statement of Kathleen Mallar under an exception to the hearsay rule; (2) whether the trial court erred in failing to instruct the jury on simple assault as a lesser-included offense of negligent homicide; and (3) whether the trial court erred in denying the defendant's motion for a new trial based upon newly discovered evidence. We find no error and affirm.

On December 6, 1983, four weeks after his birth, Michael John Mallar was brought to Nashua Memorial Hospital with symptoms of "significant injury to the brain." He was then transferred to Children's Hospital in Boston, where physicians determined that Michael may have been suffering from "shaken baby syndrome."

His condition continued to deteriorate until he died on December 10, of "[c]erebral edema as a consequence of head trauma."

As a result of written inculpatory statements made by the defendant and his wife, Kathleen, the defendant was indicted for his son's death. After a jury trial, the defendant was convicted of negligent homicide, RSA 630:3, I(a) (Supp. 1985).

## I. *Admissibility of Statements Collateral to Declarations Against Interest*

The defendant asserts that the trial court erred in admitting into evidence the entire signed statement of Kathleen Mallar under an exception to the hearsay rule.

■ Following the death of her infant son, Kathleen Mallar signed a five and one-half page, typewritten statement for officers of the Nashua Police Department. Included in the statement was information pertaining to. the infant's birth and a chronology of events which occurred prior to the infant's death, as well as an admission that she had shaken the infant, and statements that the defendant had done so. Whether written statements taken at the police station are admissible as exceptions to the hearsay rule is for the trial court to determine, and such a determination will not be disturbed unless clearly erroneous. *Town of Weare v. Paquette*, 121 N.H. 653, 659, 434 A.2d 591, 596 (1981) (citing *State v. Hudson*, 121 N.H. 6, 11, 425 A.2d 255, 257 (1981)).

At trial, defense counsel sought to introduce only that part of the statement relating Mrs. Mallar's assertion that *she had shaken the infant* on December 5:

"[T]he baby started to cry and [the defendant] did not hear him and I got up and I was really tired too and I picked up the baby and I held him under the arms and shook him and said 'I want to get some sleep Michael', I remember that the [baby's] head was flopping around when I did this. I then put the baby back into the crib easy and I went bac[k] to bed and the baby cried off and on during the night. I noticed that his cry was different from his usual cry and he sounded like he had something in his throat. . . ."

The defendant argued that the foregoing statement was "admissible under the hearsay exception of being against penal interest," but that the remainder of the five-page statement was inadmissible because it did not fall within any exception. Conversely, the State sought admission of the entire statement, including the parts implicating the defendant. The trial judge ruled that "the entire state-

ment comes in or nothing comes in and I'll let the defendant make his choice to which he wants and preserve his exception." The defendant elected to have the entire statement introduced, subject to exception, rather than have nothing at all.

On appeal, the defendant contends that the trial court erred in admitting into evidence that part of the statement which incriminated the defendant rather than Kathleen Mallar. In *Rau v. Stores*, 97 N.H. 490, 92 A.2d 921 (1952), we determined that in addition to showing the unavailability of the declarant, the party seeking introduction of a declaration against interest must also show that the statement has a circumstantial guarantee of trustworthiness. *Id.* at 493, 92 A.2d at 923; *see also* N.H. R. Ev. 804(b)(3). (Although not in effect at the time of trial, this rule requires corroborating circumstances indicating trustworthiness of the statement and therefore lends further support to the trial judge's action in this case.)

The trial judge in the instant case declared Kathleen Mallar unavailable after she took the stand and invoked her fifth amendment right to remain silent by refusing to testify. Further, in ruling that the entire statement "comes in or nothing comes in," the trial judge explained that Kathleen Mallar's admission that she had shaken the infant "cannot be separated out from the rest of her statement and be afforded the same degree of reliability that I would require in order to permit it to be admitted as an exception to the hearsay rule." Taken out of context, the inculpatory statement may have been misleading.

Upon review of the trial court's ruling, we cannot say that the determination to admit the entire statement was clearly erroneous. The decision was based upon a finding that Kathleen Mallar's admission was reliable only in the context of her entire statement. It is within the trial court's discretion to admit statements collateral to a declaration against interest if it finds that without such statements the declaration would be untrustworthy or misleading.

The defendant further argues that the choice the trial court gave him required "an unconstitutional exchange of the right of confrontation in return for the due process right to present favorable proofs." We need not address this issue because it was not properly raised below. *State v. Shannon*, 125 N.H. 653, 657, 484 A.2d 1164, 1168 (1984); *State v. Laliberte*, 124 N.H. 621, 621–22, 474 A.2d 1025, 1025 (1984).

II. *Lesser-Included Offense*

The defendant next asserts that the trial court erred in failing to instruct the jury on simple assault, RSA 631:2-a, I(b) and (c) (Supp.

1983), as a lesser-included offense of negligent homicide, RSA 630:3, I(a) (Supp. 1985).

■ Denying the defendant's request for this instruction, the trial judge concluded that simple assault is not a lesser-included offense of negligent homicide. An offense is lesser-included if "a person must necessarily have committed [it] in the process of committing the offense charged." *State v. Merski*, 123 N.H. 564, 567, 465 A.2d 491, 493 (1983). Thus, for the defendant in the present case to be entitled to an instruction on simple assault, all the essential elements of that offense must be included in the offense of negligent homicide. *Id.* at 567, 465 A.2d at 493 (citing *State v. Boone*, 119 N.H. 594, 597, 406 A.2d 113, 114 (1979)).

Because all of the essential elements of simple assault are not included in negligent homicide, we affirm the trial court's denial of the requested instruction. Under RSA 630:3, I(a) (Supp. 1985), the elements of negligent homicide include: (1) causing the death of another, (2) negligently.

■■ The defendant first asserts that simple assault under RSA 631:2-a, I(b) (Supp. 1983), (1) recklessly, (2) causing bodily injury to another, is a lesser-included offense of negligent homicide. We do not agree. This definition of simple assault requires a more culpable mental state than does negligent homicide. The defendant does not deny this; rather, he claims that the indictment in this case, by its terms, "suffices to support an allegation of 'recklessly' causing injury." This alone, however, is not enough to require an instruction to the jury on the non-charged offense. *See Merski, supra* at 567, 465 A.2d at 493. Unless all of the essential elements of an offense are subsumed within the charged offense, it does not constitute a lesser-included offense. *Id.* Because simple assault under RSA 631:2-a, I(b) (Supp. 1983) requires a more culpable mental state than negligent homicide, we hold that the trial court properly determined that the offense of simple assault based on recklessly causing bodily injury to another is not a lesser-included offense of negligent homicide.

■■ The defendant further asserts that simple assault under RSA 631:2-a, I(c) (Supp. 1983), (1) negligently, (2) causing bodily injury to another, (3) by means of a deadly weapon, is a lesser-included offense of negligent homicide. However, a lesser-included offense cannot, by definition, include any elements different than those that make up the greater offense. *State v. Cimino*, 126 N.H. 570, 576, 493 A.2d 1197, 1202 (1985). Because use of a deadly weapon is not an essential element of negligent homicide, this definition of simple assault is not contained within the definition of negligent

homicide. Therefore, the defendant also was not entitled to an instruction on simple assault as defined in RSA 631:2-a, I(c) (Supp. 1983).

III. *Newly Discovered Evidence*

Lastly, the defendant argues that the trial court erred in denying his motion for a new trial based upon newly discovered evidence.

Approximately one month after his conviction, the defendant moved for a new trial alleging that he had new evidence which would exculpate him. He asserted that on February 19, 1985, Kathleen Mallar admitted to Frances Beech that she had shaken the infant, and that she had never seen the defendant shake the infant. At a hearing on the defendant's motion for a new trial, Beech testified that Kathleen Mallar "told me that [her husband] never shook the baby, that she was the one that had shaken the baby both nights, both times." The trial court, finding the asserted statement neither newly discovered nor likely to lead to a different result upon retrial, denied the defendant's motion, subject to exception.

 Whether the defendant is entitled to a new trial on the basis of newly discovered evidence is a question for the trial court. *State v. Kelly*, 120 N.H. 904, 906, 424 A.2d 820, 822 (1980) (citing *Small v. Company*, 96 N.H. 265, 267, 74 A.2d 544, 545 (1950)). The party seeking a new trial must establish:

> "(1) that the moving party was not at fault for not discovering the evidence at the former trial; (2) that the evidence is admissible (citation omitted), material to the merits, and not cumulative; and (3) that [the evidence is] of such a character that a different result will probably be reached upon another trial. (Citations omitted.)"

*Kelly, supra* at 906, 424 A.2d at 822 (quoting *Burroughs v. Wynn*, 117 N.H. 123, 126, 370 A.2d 642, 644 (1977); *Rautenberg v. Munnis*, 109 N.H. 25, 26, 241 A.2d 375, 376 (1968)); *see State v. Abbott*, 127 N.H. 444, 503 A.2d 791 (1985).

 We conclude that the trial court could reasonably have found that Kathleen Mallar's statement was not new evidence and would probably not lead to a different result upon retrial.

If admitted, the allegedly new evidence would have suggested that the defendant never shook his infant son. While the defendant could have taken this position at trial, he elected not to do so. The right to a new trial on the basis of newly discovered evidence does not "allow defense counsel to withhold presentation of a defense known to exist at the time of trial and later come forward with 'new' evidence of a

defense and request a new trial." *Kelly, supra* at 906, 424 A.2d at 822; *see State v. Carr,* 21 N.H. 166, 174 (1850). The defendant in this case clearly could have denied ever shaking the infant. However, he opted not to present this defense. He may not now request a new trial based on a change in his defense tactics.

We find no error and therefore affirm the defendant's conviction.

*Affirmed.*

All concurred.