Cheshire
No. 92-015

# THE STATE OF NEW HAMPSHIRE

### v.

# DUANE KILLAM

April 28, 1993

*Jeffrey R. Howard*, attorney general (*Tina L. Nadeau*, assistant attorney general, on the brief), for the State.

*Timothy M. Landry*, assistant appellate defender, of Concord, by brief, for the defendant.

BROCK, C.J.   The defendant, Duane Killam, was found guilty after a jury trial in the Superior Court (*Perkins*, J.) on two counts of aggravated felonious sexual assault. RSA 632-A:2 (Supp. 1989). He filed a motion for a new trial alleging ineffective assistance of counsel and newly discovered evidence. The trial court conducted a hearing and denied the motion in an extensive written order. On appeal, the defendant claims that the trial court erred when it (1) found that defendant's counsel was not ineffective, and (2) failed to grant a new trial based on new evidence. We affirm.

The defendant was convicted for sexually assaulting his five-year-old stepdaughter during the summer of 1985. The facts that led to his conviction are detailed in *State v. Killam*, 133 N.H. 458, 578 A.2d 850 (1990), and need not be repeated here.

Our holding in *Killam* is relevant to the current appeal. The defendant bases his ineffective assistance claim on his counsel's decision not to object immediately to the introduction of certain evidence at trial. Prior to trial, the prosecution filed a motion *in limine*, to which the defendant objected, seeking the court's permission to admit expert psychoanalytical testimony that the defendant had sexually abused the victim. The trial court ruled that the prosecution could offer expert testimony that the victim had been sexually abused, but prohibited it from offering such testimony to identify the defendant as the abuser.

During direct examination of the psychotherapist, the prosecutor elicited the following testimony:

"[Prosecutor:]     Let me ask you in general terms from your understanding of children under the age of eight, is there any real chance that a child of that age could confuse a sex act done to him by a close family member with that of someone outside the family?

"[Witness:]     I would find that very unlikely unless the child was say under the age of two and a half.

"[Prosecutor:]     Would you say that, in general terms now, when children describe sexual acts in terms of what they physically felt as the act happened, that they are more likely to be telling the truth than not?

"[Witness:]     When a child-yes. When a child says to me that something happened to them and it hurt, that seems pretty graphic and convincing to me that they went through that experience and did not just observe it for example."

Defense counsel objected and moved for a mistrial after several questions had been asked. He chose to delay his trial objection, reasoning that an immediate objection or curative instruction would "'highlight that question in the juror's mind.'" *Killam*, 133 N.H. at 461, 578 A.2d at 852. The trial court denied the defendant's motion for mistrial, because defense counsel had failed to raise a timely objection. On appeal, we agreed that defense counsel should have immediately objected to the expert's testimony, and held that the "trial court did not abuse its discretion in denying the defendant's untimely motion for mistrial." *Id.*

■     In the current appeal, the defendant argues that his trial counsel's failure to object contemporaneously to the allegedly damaging testimony denied him his right to effective assistance of counsel under the State and Federal Constitutions. Because the standard for attorney performance is the same under the New Hampshire and Federal Constitutions, *see State v. Matiyosus*, 134 N.H. 686, 687, 597 A.2d 1068, 1069 (1991), we consider the defendant's claim under the State Constitution, *see State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), using federal law only as an aid in our analysis, *see State v. Faragi*, 127 N.H. 1, 4, 498 A.2d 723, 726 (1985).

■     Part I, article 15 of the New Hampshire Constitution guarantees an accused "reasonably competent assistance of counsel,"

*Matiyosus,* 134 N.H. at 687, 597 A.2d at 1069; *see State v. Fennell,* 133 N.H. 402, 405, 578 A.2d 329, 331 (1990); *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

■ In order to prevail on a claim of ineffective assistance of counsel, the defendant must

> "[f]irst . . . show that counsel's performance was deficient, which requires proof that counsel made such egregious errors that counsel was not functioning as the 'counsel' guaranteed by both constitutions. *See Strickland,* 466 U.S. at 687. Second, the defendant must prove that counsel's conduct actually prejudiced the defendant such that there is a reasonable probability that the result of the proceeding would have been different had counsel been competent. *Strickland,* 466 U.S. at 687; *Faragi,* 127 N.H. at 5, 498 A.2d at 726."

*Fennell,* 133 N.H. at 405, 578 A.2d at 331. If, however, the defendant is unable to demonstrate actual prejudice, "we need not even decide whether counsel's performance fell below the standard of reasonable competence." *Faragi,* 127 N.H. at 5, 498 A.2d at 726; *see Strickland,* 466 U.S. at 697. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland,* 466 U.S. at 697.

■ Having reviewed the trial record, we find that the defendant has failed to show that he was sufficiently prejudiced by the introduction of the disputed testimony to meet his burden under the *Strickland/Fennell* test. The sum of the evidence against the defendant was overwhelming. The child victim, who was a credible witness, clearly stated that the defendant had penetrated her vaginally and anally during the times for which he had been charged. Further, the victim's testimony was repeatedly corroborated by testimony from her natural mother and other witnesses. Accordingly, we need not consider whether the defendant's attorney's performance was deficient under the *Strickland/Faragi* test.

The defendant next argues that the trial court erred when it failed to grant a new trial based on newly discovered evidence. The new evidence consists of an affidavit and live testimony of a newly discovered witness, Kevin O'Brien, who claims that while he and Edward Leaor were in jail together, Leaor confessed to sexually assaulting a five-year-old girl in late 1985 or early spring 1986. Leaor was serving

time for sexually molesting the defendant's stepdaughter. There is evidence that he and the defendant were friends during 1985 and 1986.

At a later date, while in prison, the defendant and O'Brien allegedly had a discussion in which the defendant explained to O'Brien that he had been convicted of sexually assaulting his five-year-old stepdaughter. Consequently, O'Brien and the defendant allegedly came to the realization that the defendant was in prison for the crime that Leaor had committed. The defendant argues that he could not have committed the assaults in the summer of 1985 because the victim testified that the defendant had "touched her bad" after Leaor had touched her. Therefore, if Leaor assaulted the victim in late 1985 or 1986, then it follows that the defendant could not have assaulted her in 1985. The defendant concludes that if O'Brien were permitted to testify at a new trial, the defendant probably would not be convicted.

■ ■ It is within the trial court's discretion to determine whether a defendant is entitled to a new trial based on newly discovered evidence. *See State v. Mallar,* 127 N.H. 816, 821, 508 A.2d 1070, 1073 (1986). The party seeking a new trial must establish:

> "(1) that the moving party was not at fault for not discovering the evidence at the former trial; (2) that the evidence is admissible, material to the merits, and not cumulative; and (3) that the evidence is of such a character that a different result will probably be reached upon another trial."

*Id.* (quotation, parentheses, and brackets omitted).

We agree with the trial court that the defendant has failed to meet the second and third prongs of the *Mallar* test. The defendant argues that Leaor's statement, although hearsay, would be admissible as an admission against interest. *See* N.H. R. Ev. 804(b)(3). This hearsay exception allows an out-of-court statement to be admitted at trial when: (1) the declarant is shown to be unavailable; and (2) the statement tends to subject the declarant to criminal liability. *Id.* When the hearsay statement tends to exculpate the defendant and inculpate the declarant, such as in this case, the rule requires corroborating circumstances clearly indicating the trustworthiness of the statement, *id.,* because the rule "recognizes the possible untrustworthiness" of such statements. N.H. R. Ev. 804(b)(3) reporter's notes; *see State v. Richards,* 129 N.H. 669, 674, 531 A.2d 338, 341–42 (1987).

■ It is for the trial court to determine whether testimony is admissible as an exception to the hearsay rule, and "we will not disturb its determination unless we find it to be clearly erroneous." *State v. Winders*, 127 N.H. 471, 477, 503 A.2d 798, 802 (1985). Here the trial court found that the defendant failed to show that the declarant was unavailable. The court noted further, and we agree, that even if Leaor had exercised his fifth amendment privilege and refused to testify, the defendant nonetheless failed to demonstrate corroborating circumstances clearly indicating the trustworthiness of Leaor's alleged statements.

■ In evaluating the trustworthiness of statements made against penal interest, we consider the following criteria set forth in *Chambers v. Mississippi*, 410 U.S. 284, 300–01 (1973): "spontaneity, closeness in time to the event, [and] corroboration by some other evidence." *Richards*, 129 N.H. at 675, 531 A.2d at 342.

The content of declarant's statement was partially corroborated by evidence elicited at trial that Leaor had sexually assaulted the victim during 1985 or 1986. This corroboration is insufficient, however, to establish the trustworthiness of Leaor's alleged statements. The circumstances surrounding the making of Leaor's statements to O'Brien are untrustworthy. The trial court found that O'Brien's testimony was "totally incredible." O'Brien testified that these statements were made in 1986 while he and Leaor were inmates at the Valley Street Jail. Apparently, Leaor confessed privately to O'Brien, a mere acquaintance, several months after the acts were committed. O'Brien testified that Leaor said that he felt guilty that the defendant had been charged with the crimes that Leaor had committed. Yet in 1986, when these alleged discussions transpired, the defendant had not been arrested or even suspected of sexually assaulting the victim. It would be illogical for Leaor to confess to a crime in 1986 exculpating the defendant who was not even a suspect until 1987.

■ We find that the trial court's ruling that O'Brien's testimony was inadmissible was not clearly erroneous. *See Winders*, 127 N.H. at 477, 503 A.2d at 802. It was, therefore, within the court's sound discretion to deny the defendant's motion for a new trial. *See Mallar*, 127 N.H. at 821, 508 A.2d at 1073.

■ Moreover, even if the evidence were admissible, the defendant has failed to show "that the evidence is of such a character that a different result will probably be reached upon another trial." *Id.* (quotation and bracket omitted); *State v. Boisvert*, 119 N.H. 174, 176, 400 A.2d 48, 50 (1979). The trial court had the opportunity to hear,

observe, and evaluate O'Brien's testimony and found "the newly discovered evidence offered by O'Brien to be totally incredible." We will not overturn the credibility ruling made by the fact finder. *See State v. Chase*, 135 N.H. 209, 215, 600 A.2d 931, 935 (1991).

Further, the trial court found that "[t]he evidence in this case was overwhelming indeed." Nonetheless, the defendant argues that O'Brien's testimony proves that the victim was an unbelievable witness. He emphasizes that the victim testified that the defendant assaulted her after Leaor did. The defendant concludes that the victim could not have been telling the truth because Leaor told O'Brien that he assaulted the child in late 1985 or early 1986, and the defendant was charged with crimes that occurred in 1985. This conclusion, however, presumes that O'Brien was a reliable witness, a presumption that the trial court specifically rejected.

The jury was presented with abundant evidence indicating that the victim had been sexually assaulted by both Leaor and the defendant. Hearsay evidence regarding Leaor's admission to certain assaults in 1985 or 1986 would do little to negate the strength of this evidence that the defendant assaulted the victim during the summer of 1985. We find that the trial court did not abuse its discretion by refusing to grant a new trial. *See Mallar*, 127 N.H. at 821, 508 A.2d at 1073.

*Affirmed.*

All concurred.