Hillsborough-southern judicial district
No. 94-426

## PHILIP WORSTER

v.

## MARK WATKINS

December 22, 1995

*Moquin & Daley, P.A.*, of Manchester (*Terrence J. Daley* on the brief and orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*William S. Orcutt & a.* on the brief, and *David W. Johnston* orally), for the defendant.

THAYER, J. The plaintiff, Philip Worster, appeals from a jury verdict finding the defendant, Mark Watkins, not liable for damages resulting from injuries sustained by the plaintiff during a fight at the defendant's house. The plaintiff argues that the Superior Court (*Arnold*, J.) erred when it ruled that two out-of-court statements were inadmissible at trial. We affirm.

On August 10, 1991, the defendant held a bachelor party in his home. The plaintiff attended the party and became involved in a fight between the groom and another guest. During the fight, a fourth person, Stephen Fowlie, joined the altercation and struck the plaintiff in the jaw with either a tire iron or a wrench. The blow fractured the plaintiff's jaw.

On October 22, 1991, more than two months after the party, Fowlie was arrested and charged with assault in connection with his attack on the plaintiff. While in custody, Fowlie gave Detective Ted Curtis of the Merrimack Police Department a written confession in which

he said that the defendant wanted him to attend the bachelor party to prevent guests from fighting and to act as a designated driver. Detective Curtis filed a supplementary investigation report following his interview with Fowlie, summarizing what Fowlie had told him.

Armed with Fowlie's confession and the police report, the plaintiff filed suit against the defendant. The plaintiff alleged that Fowlie was acting as the defendant's agent when the assault occurred and, therefore, that the defendant was liable for damages.

Prior to trial, the defendant moved *in limine* to exclude Fowlie's written confession and the supplementary investigation report filed by Detective Curtis. The defendant argued that both out-of-court statements were hearsay. The plaintiff countered by arguing that the documents could be introduced under specific exceptions to the hearsay rule.

Following a hearing, the superior court granted the defendant's motion. The court ruled, first, that Fowlie's confession was inadmissible hearsay. It rejected the plaintiff's argument that the confession qualified as a statement against interest and therefore could be introduced as an exception to the hearsay rule. It also concluded that the plaintiff had not shown that the declarant, Fowlie, was unavailable for trial—a prerequisite to admitting a statement against interest under New Hampshire Rule of Evidence 804. Although the court acknowledged that the plaintiff sent a subpoena to Fowlie's last known address in New Hampshire in an effort to secure his attendance at trial, it found that effort insufficient because the plaintiff was aware of two alternative addresses which he did not use to locate Fowlie or to secure his testimony before trial.

Second, the court ruled that the police report was inadmissible. The court concluded that the report could not be admitted into evidence under either the public records or the business records exceptions to the hearsay rule.

On May 18, 1994, the jury returned a verdict in favor of the defendant. The plaintiff appeals on the ground that the trial court erred in granting the defendant's motion *in limine*.

The plaintiff's appeal requires that we analyze three exceptions to the hearsay rule. It is the trial court's duty "to determine whether testimony is admissible as an exception to the hearsay rule." *State v. Killam*, 137 N.H. 155, 160, 626 A.2d 401, 404 (1993). We will not disturb the trial court's ruling unless it is clearly erroneous. *Flanagan v. Prudhomme*, 138 N.H. 561, 569, 644 A.2d 51, 57 (1994).

*I. Stephen Fowlie's Confession*

The plaintiff first challenges the trial court's refusal to admit Stephen Fowlie's written confession into evidence. The plaintiff concedes that the confession is hearsay, but he argues that it should have been admitted under New Hampshire Rule of Evidence 804(b)(3). Rule 804(b)(3) provides an exception to the hearsay rule for a statement which was, at the time it was made, contrary to the declarant's penal or pecuniary interest. Such a statement is admissible because "one does not make [a] statement[] that would damage oneself unless the statement is true." *State v. Kiewert*, 135 N.H. 338, 343, 605 A.2d 1031, 1034 (1992) (quotations and brackets omitted).

Before such a statement can be admitted into evidence, however, the party introducing it must prove that the declarant is "unavailable" to testify at trial. *See* N.H. R. EV. 804(b). A declarant is "unavailable" for trial if he satisfies any of the conditions listed in Rule 804(a). The only condition relevant here is found in Rule 804(a)(5), which states that a declarant is unavailable if he "is absent from the hearing and the proponent of [his] statement has been unable to procure [his] attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), [his] attendance or testimony) by process or other reasonable means." N.H. R. EV. 804(a)(5).

The plaintiff attempted to locate Fowlie in an effort to secure his attendance at trial. When efforts to locate Fowlie produced only two addresses—one in Maine and one in Florida—the plaintiff concluded that he was unable, by process or other reasonable means, to bring Fowlie to New Hampshire to testify. Therefore, he argues, Fowlie was unavailable for purposes of Rule 804(a)(5).

Rule 804(a)(5), however, requires a more rigorous showing of unavailability than the one made by the plaintiff. Even assuming the plaintiff demonstrated that Fowlie could not be forced to attend the trial, the parenthetical clause in Rule 804(a)(5) required the plaintiff to show that he could not procure Fowlie's "testimony" for trial. N.H. R. EV. 804(a)(5). We interpret that clause to mean that the plaintiff had to demonstrate that he was unable to depose Fowlie. *See* 2 MCCORMICK ON EVIDENCE § 253, at 136 n.33 (J. Strong ed., 4th ed. 1992). Jurisdictions examining the corresponding federal rule have concluded that Congress intended to adopt an "attempt to depose" standard. *See, e.g.,* *Schaffer v. Lindy*, 511 A.2d 1022, 1025 (Conn. App. Ct. 1986). Because New Hampshire's version of Rule 804(a)(5) is identical in every important respect to the federal rule, we find those cases persuasive in our interpretation of

the New Hampshire rule. *See Kiewert,* 135 N.H. at 343, 605 A.2d at 1034.

■ In this case, the trial court found that the plaintiff made no effort to depose Fowlie before trial and therefore ruled that he was not unavailable for purposes of Rule 804. We see no reason to overturn the trial court's ruling. We will assume for purposes of this case that the plaintiff's duty to depose Fowlie did not arise until he learned that Fowlie was not going to appear at trial in response to the subpoena sent to his last known address in New Hampshire. After learning that Fowlie would not appear to testify, the plaintiff made no effort to contact Fowlie in Maine or Florida—or to request a continuance to give him time to do so—despite having specific information about his location. We conclude, therefore, that the trial court reasonably held that the plaintiff failed to meet the requirements of Rule 804(a)(5).

## II. Detective Curtis' Police Report

The plaintiff next challenges the trial court's refusal to admit Detective Curtis' supplementary investigation report into evidence. According to the plaintiff, the report was admissible under both the public records and business records exceptions to the hearsay rule. We disagree.

The public records exception is codified in Rule 803(8). It provides that the following records are not excluded by the hearsay rule:

> Records, reports, statements or data compilations, in any form, of public officers or agencies, setting forth . . . (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . or (C) in civil actions . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

N.H. R. EV. 803(8). According to the plaintiff, Detective Curtis' report should have been admitted into evidence under both Rule 803(8)(B) and (C). He argues that the report contained both visual and auditory "observations" about Fowlie and "factual findings" about Fowlie's criminal behavior. We disagree.

■ Detective Curtis' supplementary investigation report is a summary of statements made by Fowlie during their interview. In that sense, the report contains "auditory observations" made by Detective Curtis. Rule 803(8)(B), however, was not meant to cover this type of observation. The contents of a witness' statements to a

police officer are not matters observed by the officer for purposes of Rule 803(8)(B). *Ramrattan v. Burger King Corp.*, 656 F. Supp. 522, 529 (D. Md. 1987). Therefore, we conclude that Detective Curtis' report is not admissible under Rule 803(8)(B).

■ Detective Curtis' report also does not contain "factual findings" based on his own investigation and cannot be admitted under Rule 803(8)(C). *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988) (under the federal rules of evidence, "the requirement that reports contain factual findings bars the admission of statements not based on factual investigation"). The report's language, which refers to what Fowlie "stated" and "indicated" during the interview, demonstrates that Detective Curtis was simply recording what Fowlie told him. He made no effort to evaluate Fowlie's credibility and reached no independent conclusions based on Fowlie's testimony. As a result, his report lacked the typical characteristics of a factual finding. *See Ramrattan*, 656 F. Supp. at 530.

Cases from several jurisdictions indicate that when a police report simply records a witness' statement, the report cannot be admitted under Rule 803(8)(C). *See Victory Park Apartments, Inc. v. Axelson*, 367 N.W.2d 155, 162 (N.D. 1985); *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 559 (6th Cir. 1978), *cert. denied*, 441 U.S. 933 (1979). We find those cases persuasive and conclude that the supplementary investigation report was not admissible under Rule 803(8)(C).

The plaintiff also argues that the report was admissible under the business records exception to the hearsay rule. Rule 803(6) provides that records kept in the course of a regularly conducted business are not excluded by the hearsay rule unless they indicate a lack of trustworthiness. N.H. R. EV. 803(6). According to the plaintiff, the report should have been admitted because it is a report which was prepared as a part of Detective Curtis' regular practice as a law enforcement official. We disagree.

■ For a police report to qualify as a business record, the author of the report must "be acting in the regular course of business, and if the information was supplied by another, that person also [must] be acting in the regular course of business." 2 MCCORMICK, *supra* § 290, at 273. Only when everyone involved in preparing a report is acting in the regular course of business can we conclude that the report is accurate and therefore worthy of being admitted. 2 MCCORMICK, *supra* at 274.

■ When these principles are applied to this case, Detective Curtis' report must be excluded. While Detective Curtis was acting

in the regular course of business when he completed his supplementary investigation report, the same cannot be said for Fowlie. He was under no obligation to talk to the police and, as a result, "an essential link in the trustworthiness chain fails . . . ." 2 MCCORMICK, *supra* at 274. Therefore, his statements cannot qualify under Rule 803(6). *See United States v. Snyder*, 787 F.2d 1429, 1434 (10th Cir.), *cert. denied*, 479 U.S. 836 (1986).

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.