Rockingham
No. 2009-741

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH MICHAUD

Argued: January 20, 2011
Opinion Issued: April 28, 2011

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Stephanie Hausman*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. After a jury trial in Superior Court (*McHugh*, J.), the defendant, Joseph Michaud, was convicted of four counts of felonious sexual assault. *See* RSA 632-A:3, III (2007) (amended 2010). On appeal, the defendant argues that the trial court erred in denying his request for a lesser-included offense instruction on simple assault. *See* RSA 631:2-a, I(a) (2007). We affirm.

The jury could have found the following facts. The victim, VM, was under thirteen years of age at the time of the offenses. Her father, DM, and the

defendant have been friends since childhood. The defendant has a child the same age as VM and the two children were friends. The first and second incidents of felonious sexual assault occurred when VM spent a weekend at the defendant's house during November 2006. Each morning, while sitting in the living room, the defendant placed his hands under VM's shirt and rubbed her breasts. The first time, VM thought the defendant was tickling her but then realized the touching did not feel like tickling. After the second incident, VM told her parents that she did not like how the defendant tickled her and that he put his hands under her shirt.

The third incident occurred during another sleepover in June 2007, while VM ate breakfast with the defendant in his living room. The defendant reached under the side of VM's shirt and rubbed her breasts. When VM's mother picked her up, VM told her mother that the defendant put his hands under her shirt and "kind of tickled her."

The final incident occurred in September 2008 when the defendant went to VM's house to pick up his children. VM was in the basement sitting at a computer. The defendant came downstairs, stood behind VM, placed his arms over her shoulders, his hands down her shirt, and rubbed her breasts. After the defendant left, VM again told her mother about what had happened.

The defendant testified at trial. He denied touching VM on any of the four occasions, except for giving her a "high five" at the time of the September 2008 incident. He admitted that he had tickled VM in the past and testified that he told the police officer when questioned that he had tickled VM "a thousand times." However, he testified that he had "never touched [VM] in an inappropriate manner."

At the close of the trial, the court instructed the jury as to the elements of the charged variant of felonious sexual assault. The defendant requested a lesser-included offense instruction for simple assault, which the court denied. This appeal followed.

The only issue on appeal is whether the trial court erred in denying the defendant's request for a lesser-included offense instruction for simple assault. Whether simple assault is a lesser-included offense of the charged variant of felonious sexual assault is a question of first impression for this court. The defendant argues that all of the elements of simple assault are embraced within the definition of the charged variant of felonious sexual assault and, thus, simple assault is a lesser-included offense of felonious sexual assault. He further argues that, given the testimony at trial about incidents of tickling, the court was required to give the lesser-included offense instruction for simple assault. We disagree.

█ An offense is lesser-included if a person must necessarily have committed it in the process of committing the offense charged. *State v. Mallar*, 127 N.H. 816, 820 (1986). Whether a defendant is entitled to a lesser-included offense instruction turns upon two distinct inquiries: first, the lesser offense must be embraced within the legal definition of the greater offense. *State v. Thomas*, 154 N.H. 189, 192 (2006). In other words, the lesser offense must not include any elements that are different from the elements of the greater offense. *Mallar*, 127 N.H. at 820. This inquiry entails a comparison of the statutory elements of each offense without reference to the evidence. *Id.* Second, the evidence adduced at trial must provide a rational basis for a finding of guilt on the lesser offense rather than the greater offense. *Thomas*, 154 N.H. at 192. The first part requires us to consider a legal question; namely, whether the offense for which the instruction is sought is a lesser-included offense of the charged offense. *United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007). Therefore the first part is subject to *de novo* review. The second part is a factual inquiry; namely, whether the record contains evidence that would provide a rational basis for a conviction on the lesser offense rather than the greater offense. *Id.* The trial judge is best suited to make this factual determination and we, therefore, review the second part for an unsustainable exercise of discretion. *See State v. Lambert*, 147 N.H. 295, 296 (2001). We begin our analysis with the first part of the test to determine whether the lesser offense is embraced within the legal definition of the greater offense. Because we decide this case based upon the first part of this test, we need not address the second part.

█ RSA 632-A:3, III provides that a person is guilty of felonious sexual assault if such person "[e]ngages in sexual contact with a person other than his legal spouse who is under thirteen years of age." Thus, the elements of felonious sexual assault are: (1) engaging in sexual contact; (2) with a person who is not the legal spouse of the actor; and (3) who is under the age of thirteen. RSA 632-A:3, III. For purposes of our analysis, we will refer to this as felonious sexual assault by means of sexual contact with a victim under thirteen. " 'Sexual contact' means the intentional touching whether directly, through clothing, or otherwise, of the victim's or actor's sexual or intimate parts, including emissions, tongue, anus, breasts, and buttocks. Sexual contact includes only that aforementioned conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification." RSA 632-A:1, IV (Supp. 2010). Because RSA 632-A:1, IV requires an "intentional touching," the *mens rea* required for felonious sexual assault by means of sexual contact with a victim under thirteen is

purposely. *See State v. Pond,* 132 N.H. 472, 475 (1989) (finding that purposely is the *mens rea* for felonious sexual assault).

■ RSA 631:2-a, I(a) provides that a person is guilty of simple assault if such person "[p]urposely or knowingly causes bodily injury or unprivileged physical contact to another . . . ." Thus, the elements of simple assault under RSA 631:2-a, I(a), for the purposes of this case, are (1) purposely or knowingly (2) causing unprivileged physical contact to another.

■ The defendant argues that the element of "unprivileged physical contact" contained within the definition of simple assault is embraced within the definition of felonious sexual assault by means of sexual contact with a victim under the age of thirteen. "Unprivileged physical contact," as it pertains to simple assault, "includes all physical contact not justified by law or consent." *State v. Burke,* 153 N.H. 361, 364 (2006). The defendant argues that felonious sexual assault by means of sexual contact with a victim under the age of thirteen prohibits contact that is not justified by law or consent. The crux of the defendant's argument turns on the fact that children, although "assumed to consent to ordinary contacts which are reasonably necessary to the common current of life," *State v. Smith,* 127 N.H. 433, 439 (1985), are generally unable to consent to sexual contact due to immaturity, *see, e.g.,* RSA 626:6, III (2007). Thus, the defendant argues, "By proscribing contact outside what normally occurs in daily living and by proscribing contact of a person unable to consent to such contact, the felonious sexual assault statute embraces unprivileged physical contact."

■ We disagree. Not all of the elements of simple assault are contained within the variant of felonious sexual assault of which the defendant was convicted. Specifically, "unprivileged physical contact" is not an element of felonious sexual assault by means of sexual contact with a victim under the age of thirteen. The sexual contact that RSA 632-A:3, III proscribes is illegal because the victim is under the age of thirteen. The contact is not proscribed because it is unprivileged. In fact, nowhere in the section of the statute defining felonious sexual assault by means of sexual contact with a victim under the age of thirteen is there any mention of privilege. The State need not prove the act was unprivileged but only that it was against a victim under the age of thirteen. *See* RSA 632-A:3, III. Thus, simple assault is not embraced within the charged variant of felonious sexual assault because the elements of simple assault differ from the elements of felonious sexual assault by means of sexual contact with a victim under the age of thirteen.

■ In support of his argument, the defendant cites *Dukette v. Perrin,* 564 F. Supp. 1530, 1536 (D.N.H. 1983), in which the court ruled that simple assault, under New Hampshire law, is a lesser-included offense of aggra-

vated felonious sexual assault by means of application of physical force. There is, however, an important distinction between aggravated felonious sexual assault by means of application of physical force, RSA 632-A:2, I(a) (Supp. 2010), and felonious sexual assault by means of sexual contact with a victim under thirteen, RSA 632-A:3, III. The victim in *Dukette* was an adult and the charged variant of aggravated felonious sexual assault included unprivileged physical contact, *i.e.*, the absence of consent, as an element. *See Dukette*, 564 F. Supp. at 1533, 1534, 1536. Unlike in *Dukette*, felonious sexual assault by means of sexual contact with a victim under the age of thirteen does not include unprivileged physical contact as an element. RSA 632-A:3, III. Thus, simple assault, although perhaps a lesser-included offense of aggravated felonious sexual assault by means of application of physical force, is not a lesser-included offense of felonious sexual assault under RSA 632-A:3, III.

The defendant also cites several cases from other jurisdictions. Those cases are all distinguishable, because each involved a charged offense which includes the element of lack of consent or unprivileged physical contact. *See United States v. Mays*, 514 F. Supp. 2d 1298, 1300, 1301 (M.D. Fla. 2007) (conviction for offense of abusive sexual contact required a finding by the jury "[t]hat the sexual contact was without the victim's permission"); *Mungo v. United States*, 772 A.2d 240, 244-45, 246 (D.C. 2001) (conviction for offense of misdemeanor sexual abuse required a finding "that the defendant knew or should have known that he or she did not have the complainant's permission to engage in the sexual act or sexual conduct"); *State v. Ogundiya*, 2004 WL 315138, at *3 (Tenn. Crim. App. 2004) (conviction for offense of sexual battery required a finding that "force or coercion [was] used to accomplish the act" or that "[t]he sexual contact [was] accomplished without the consent of the victim").

The defendant further relies upon the reasoning of the Eleventh Circuit Court of Appeals in *United States v. Williams*, 197 F.3d 1091 (11th Cir. 1999). In *Williams*, the Eleventh Circuit found that assault, defined as battery and including offensive touching as an element, is a lesser-included offense of abusive sexual contact with a child under the age of twelve. *United States v. Williams*, 197 F.3d 1091, 1096 (11th Cir. 1999). Like RSA 632-A:3, III, the greater offense does not include lack of consent as an element. *Id.* However, in its analysis the court did not address the significance of the element of lack of consent. Rather, the court focused upon whether abusive sexual contact included an element of intent to do bodily harm. *Id.* We decline to adopt the Eleventh Circuit's approach.

We agree, instead, with the reasoning of the Iowa Supreme Court in *State v. Constable*, 505 N.W.2d 473 (Iowa 1993). The court held that simple

assault and assault with intent to commit sexual abuse were not lesser-included offenses of sexual abuse in the second degree. *Constable*, 505 N.W.2d at 477. The defendant in *Constable* offered an argument similar to that of the defendant herein, urging that "any sex act with a child must necessarily be by force and against the child's will." *Id.* at 475. The court disagreed, stating that

> while assault may be a lesser included offense of sexual abuse in the third degree when that violation involved commission of a sex act by force or against the will of the other participant, assault [is] not a lesser included offense when the victim [i]s a child and the consent or will of the child [i]s irrelevant.

*Id.* at 476.

Accordingly, the trial court did not err in denying the defendant's request for an instruction on simple assault.

*Affirmed.*

DALIANIS, C.J., and DUGGAN, CONBOY and LYNN, JJ., concurred.